## MARKHAM WAREHOUSE & ELEVATOR CO. v. PLOTNER & STODDARD.

(Court of Civil Appeals of Texas. San Antonio. Oct. 11, 1911. Rehearing Denied Nov. 1, 1911.)

SALES (§ 166*)—CONFORMITY OF GOODS TO CONTRACT.

A buyer of binding twine of a particular brand can reject delivery of a different brand, even if of superior quality.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 391–402; Dec. Dig. § 166.*]

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

Action by Markham Warehouse & Elevator Company against Plotner & Stoddard. Judgment for defendants, and plaintiff appeals. Affirmed.

Linn, Conger & Austin, for appellant. Gaines & Corbett, for appellees.

FLY, J. Appellant sued appellees to recover the contract price of 5,000 pounds of binding twine and certain brokerage, all amounting to $550. This is a second appeal; the opinion on the former appeal being found in 122 S. W. 443, where a full statement of the case is made. The cause was heard by a jury, but after the testimony had been introduced, and appellees had tendered into court the amount of $82, the value of the twine used by them, the court instructed the jury to return a verdict for appellees, which was done, and the court rendered judgment that appellants should "have and receive the sum of $82 tendered by defendants into court herein," and that it take nothing further from appellees, except the costs accruing before the tender of the $82 was made.

The undisputed evidence showed that certain twine was delivered to appellees by appellant; that it was not of the grade, quality, and manufacture covered by the contract between the parties; that the twine was received by appellees under the belief that it was what they had ordered; that, as soon as it was discovered by appellees that the twine was not of the grade and quality ordered by them, they refused to accept it, and notified appellant that it was held subject to its order. A small portion of the twine was used contrary to the positive orders of appellees, and the value of that twine was tendered into court. Appellees contracted for a certain brand of twine —that is "Deering" twine—and that brand of twine was not delivered to them, and just as soon as appellees ascertained that they had not received Deering twine they rejected it, and so notified appellant, and held the twine subject to the order of appellant until it was accidentally burned. Appellant, when notified that appellees had rejected the twine, agreed to take it back. The

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

twine was rejected by appellees a few days after it was received, and as soon as appellees ascertained that it was not the brand of twine ordered by them.

On the former appeal of this cause this court held: "We are of opinion that, if the twine was not what was bought, its delivery under the circumstances shown in the record was wrongful on the part of plaintiff, and defendants were not required to do more than notify plaintiff that they would not take the twine, but would hold it subject to plaintiff's order." It is admitted that the twine was not that bought by appellees, and that as soon as they ascertained that fact they notified appellant that the twine was subject to its order and disposal. There was no issue to go before a jury.

Appellees contracted for "Deering" twine, and the delivery of other twine, although it might have been of a superior grade and quality, but not of the brand and description, did not comply with the terms of the contract. The seller had bound itself to deliver Deering twine, and a delivery of that kind of twine was a condition precedent to the buyer's liability. Thus in the case of Columbian Iron Works v. Douglass, 84 Md. 44, 34 Atl. 1118, 33 L. R. A. 103, 57 Am. St. Rep. 362, Douglass had bought all the steel scrappings in a certain shipyard, "consisting of clippings and punchings from the steel plates and angles and beams used in the construction of the United States cruisers," and it was held by the Maryland Court of Appeals that the written description was not a warranty, but a condition precedent, and that the buyer could recover damages for a failure to deliver the specific articles described. The court said: "This was the named and designated, the specific and identical, thing contracted for; and the substitution of any other or different material, no matter what its quality or chemical test might be, was a clear breach of the undertaking entered into by the parties. He has the right to insist on the terms of his contract."

The same principle is enunciated in Jones v. George, 61 Tex. 345, 48 Am. Rep. 280, and in the case of Fogel v. Brubaker, 122 Pa. 7, 15 Atl. 692, the court held: "When a vendor sells an article by a particular description, it is a condition precedent to his right of action that the thing which he offers to deliver, or has delivered, should answer the description. If this condition be not performed, the purchaser is entitled to reject the article, or, if he has paid for it, he may recover back the price as money had and received to his use. The right to repudiate the purchase for nonconformity of

the article delivered to the description under which it was sold is universally conceded; and it comports with sound legal principles to treat such agreements as conditions, in order to afford a purchaser a more enlarged remedy by rescission than he would have on a simple warranty; and, as an inspection of the goods is necessary to enable the buyer to ascertain whether they answer the description by which they were sold, it follows that a seller is bound to give the buyer an opportunity to make such an inspection, and an acceptance by a buyer for that purpose will not be a waiver of his right to reject, if the goods do not answer the description."

In this case the seller knew the goods were not what had been bought by the buyer, and that fact was not revealed by him to the buyer, and the sole plea for a recovery is that as good or a better article was delivered than that contracted for. The buyer, however, had contracted for a certain kind of twine, with a certain brand, and he had the right to reject any other twine, no matter how much better it may have been in quality. He had the right to choose the article he desired to purchase, and the seller had no authority to substitute an article that he may have thought was better than the article contracted for.

We see no error in the judgment, and it is affirmed.