## CURTON v. CRADDOCK.    (No. 6598.)

(Court of Civil Appeals of Texas.    Austin.
May 23, 1923.    Rehearing Denied
June 27, 1923.)

**1. Justices of the peace** ⬄174(8, 12) — **Amendment of plea in county court after appeal from justice court · held improper as raising jurisdictional amount and adding new cause of action.**

Where, on appeal to county court, plaintiff, in action in justice court to recover for an alleged breach of warranty on a contract for the sale of an automobile, amended his plea by adding an alternative plea that the transaction, if not a sale, was one in exchange of property which involved an amount in excess of the jurisdiction of the justice court, a plea in abatement should have been sustained on ground of raising jurisdictional amount and adding a new cause of action.

**2. Sales** ⬄442(3)—**Measure of damages for breach of warranty as to condition of automobile when exchanged stated.**

In an action for the breach of a warranty as to the condition of an automobile accepted as part payment for other property or in exchange for it, *held*, that the measure of damages, if any, was the difference between the contract price of the automobile and the actual cash value at the time of its delivery in the condition it was in at the time.

**3. Exchange of property** ⬄1—**To establish transaction a sale, not an exchange, of property, each item must be shown to have been given a fixed price.**

In an action for the breach of a warranty as to the condition of an automobile, where plaintiff was shown to have delivered certain property and accepted in return the automobile and other consideration, *held*, that in order to establish the transaction a sale, and not an exchange of property, each item of property must be shown to have been given a fixed price in the transaction.

**4. Evidence** ⬄113(8)—**In action for breach of warranty concerning property exchanged, evidence of cost of property to the parties should be excluded.**

In an action to recover for the breach of a warranty as to the condition of an automobile which was accepted by plaintiff with other property either in exchange for or in payment for property delivered to the defendant, *held*, that evidence as to what the parties paid for the properties involved should be excluded and the testimony confined to the reasonable market value thereof.

**5. Appeal and error** ⬄930(3)—**Affirmance of presumption court had determined all issues not submitted in favor of judgment held unauthorized, where the case had proceeded on wrong measure of damages.**

Where, in an action for damages for the breach of warranty concerning an automobile alleged to have been sold by defendant to plaintiff, where trial was had on special issues and no request for special charges made, *held*, that the judgment could not be affirmed on the presumption that the court had found all facts not submitted in favor of the judgment, where the case had proceeding on the wrong measure of damages.

Appeal from McLennan County Court, Giles P. Lester, Judge.

Action by G. J. Craddock against T. N. Curton.    Judgment for plaintiff, and defendant appeals.    Reversed and remanded.

G. W. Barcus, of Waco, for appellant.
Johnston & Hughes, of Waco, for appellee.

BLAIR, J.    This suit was brought by appellee, in the justice court of McLennan county, to recover the sum of $175, for breach of warranty on a contract for the sale of an automobile to appellee by appellant.    The cause of action alleged in the justice court was that appellee sold appellant a frame building and certain furniture and fixtures, as well as a stock of merchandise, for the sum of $425, for which appellant paid the sum of $125, in cash, and delivered to appellee an automobile at the agreed price of $300, representing the balance of the consideration; that the automobile waas represented to be in good mechanical condition, and reasonably worth $300 by appellant; that the automobile was alleged not to be in good condition, and that its value was only $125.    Appellant sued for the difference in the contract price of $300 and the actual value of the automobile in the condition in which it was delivered, being $175.

On appeal to the county court, the appellee amended his petition, and pleaded, in the alternative, that, if the sale was not a straight sale, it was a contract in exchange of properties by and between appellee and appellant, and that the value of the appellee's property so exchanged was $690, while appellant's property was worth only $250; and by reason of misrepresentations as to the value of an automobile appellee was damaged in the sum of $175.

Appellant answered by plea in abatement, on the ground that the county court had no jurisdiction of the cause of action, since the case originated in the justice court, and the amount in controversy, as shown by the pleadings, was more than $200, and as pleaded the petition alleged an entirely new cause of action from that relied on in the justice court; and answered further by general demurrer and special exception to the jurisdiction of the county court; and by general and special denial.

The plea in abatement and the exceptions were overruled by the court, to which the appellant excepted.    The case was tried in the court below before a jury, and the court, apparently from the record, submitted only such issues as were necessary for a judgment on appellee's last count in his petition; that

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

is, that the transaction was an exchange of properties, and the measure of damage would be the difference in the values of the property so exchanged.

[1] In this we think the court erred, since it is clear that the county court had no jurisdiction of this cause of action on appeal by reason of the amended plea in the alternative that the transaction was one in exchange of properties. It has been held by our courts that litigants cannot, by amendment on appeal from a case originating in the justice court, raise the amount in controversy beyond the original jurisdiction of the justice court. It has also been held that on appeal·to the county court, an amendment setting up a new cause of action in addition to the one relied on in the justice court is not authorized. Amr. Ldry. Co. v. Belcher (Tex. Civ. App.) 152 S. W. 853; Gulf, Colorado & Santa Fé Ry. Co. v. White (Tex. Civ. App.) 176 S. W. 790; Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294.

We are of the opinion that this case should be reversed and remanded for a new trial.

[2] The first count in appellee's petition alleges a cause of action based upon a straight sale of the automobile to him, and the trial having proceeded upon this plea in the justice court, it should be limited to such plea in the county court. In view of the fact that we reverse and remand this case for a new trial, we are of the opinion that the measure of damages, if any, will be the difference in the contract price of the automobile in question and its actual cash market value at the time of its delivery, in the condition that it was in at that time. Liquid Carbonic Co. of Tex. v. Migurski (Tex. Civ. App.) 229 S. W. 661; Childress Oil Co. v. Wood (Tex. Civ. App.) 230 S. W. 143; Elmberg v. Dunlap (Tex. Civ. App.) 234 S. W. 700; Alamo Automobile Co. v. Schmidt (Tex. Civ. App.) 211 S. W. 804; Simkins on Contracts, pp. 765–777.

[3, 4] Should the proof show, on the trial of this case, that, in the exchange of properties in question, each item of property was given a fixed price in the transaction, then the transaction would be a sale and not an exchange of the properties. We are also of the opinion that the court should not, on another trial, permit the parties to testify as to what they paid for certain of the properties in question in this case, but should confine the testimony to the reasonable market value of the property.

[5] Appellee insists that we should affirm the judgment on the ground that it was a trial upon special issues, and since no requests for special charges were made, that it would ·be presumed that the trial court found on all questions of fact not submitted. This would be true were it not for the fact that the trial court proceeded in the case on the wrong measure of damages, and upon that portion of appellee's petition over which the county court had no jurisdiction in this case, and although the court submitted a special requested charge by appellee, upon which the jury found that the transaction in question was an outright sale, yet the proper measure of damages was not submitted and the court should not find thereon.

The case is reversed and remanded for a new trial.

Reversed and remanded.