DALTON ADDING MACH. SALES CO. v. VALLEY MOTOR CO., Inc.   (No. 2914.)

Court of Civil Appeals of Texas. Amarillo. Nov. 16, 1927.

1. Trial ⬡351(2)—Where defense is abandoned by agreement of parties to withdraw it from jury, court is not authorized to pass on it.

In action to recover purchase price of adding machine where buyer, who pleaded and offered evidence to show he never received machine, intends to abandon such defense by agreeing with seller that such issue be withdrawn from jury, court is not authorized to pass on such issue.

2. Appeal and error ⬡930(3)—Reviewing court should presume in favor of judgment that court determined issues it was permitted to pass on in favor of prevailing party (Rev. St. 1925, art. 2190).

Where parties to action for purchase price of adding machine, by agreement to withdraw certain defense from jury, intended to permit court to pass on such issue, reviewing court should presume in favor of judgment for defendant that court determined such issue in its favor, under Rev. St. 1925, art. 2190.

3. Sales ⬡365—Finding that seller agreed to hold contract sued on till buyer tried another machine held insufficient of itself to support judgment for buyer.

In action for purchase price of adding machine, finding that seller agreed with buyer to hold contract sued on till buyer had tried out another machine *held* insufficient of itself to authorize judgment that seller take nothing by its suit.

4. Sales ⬡166(1)—In action for purchase price of adding machine, showing that machine delivered was not machine ordered constitutes defense.

In action for purchase price of adding machine, showing that bookkeeping machine delivered to buyer was not machine purchased by

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

him constitutes defense, since buyer cannot be compelled to accept and pay for something he did not agree to buy.

Appeal from Bailey County Court; Wm. G. Kennedy, Judge.

Action by the Dalton Adding Machine Sales Company against the Valley Motor Company, Inc. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Howard & Burks, of Lubbock, for appellant.

Levi Pressly, of Muleshoe, for appellee.

JACKSON, J. The appellant, the Dalton Adding Machine Sales Company, instituted this suit in the county court of Bailey county, Texas, against the appellee, the Valley Motor Co., Inc., to recover the sum of $285.00, with interest and attorney's fees on a written contract executed by appellee to appellant for one Dalton Adding-Calculating Machine.

The appellant attached to its petition a copy of the contract, pleaded its effect, and alleged default by appellee.

The contract constitutes a note and mortgage, and the provisions of which necessary to a disposition of this appeal, read:

"To the Dalton Adding Machine Sales Co., Cincinnati, Ohio.

"Date 12—4—24.

"Please enter my/our order for the following and deliver f. o. b. Muleshoe, Tex.: 1 Dalton adding calculating machine, model 681U–102–U, serial number 139295–5026. For which I/we agree to pay to the order of the Dalton Adding Machine Sales Company, Cincinnati, Ohio, $320, as follows: $35 cash with order; balance of $285 in 19 equal monthly payments of $15, first monthly payment due February 1, 1925, and one the first of each month thereafter until paid. Terms, 2 per cent. discount for cash. The provisions on the other side are a part of this order. [Signed] Valley Motor Co., by K. K. Smith. City, Muleshoe. County, Bailey. State, Texas. This order subject to the approval of the Dalton Adding Machine Sales Company, Cincinnati, Ohio. Approved at Cincinnati, Ohio, 12—9—1924. The Dalton Adding Machine Sales Company, by H. C. Grubbs, Vice President."

"(6) This instrument may not be varied by any oral understanding or agreement, contemporaneous or otherwise; all previous negotiations, either oral or written, being hereby abrogated or merged herein; and this printed and written document, when approved by an executive officer of your company at Cincinnati, Ohio, is to constitute the entire agreement and understanding between the parties hereto.

"(7) It is expressly agreed that this order shall not be countermanded, that the original hereof has been unconditionally released and delivered for transmission to the Dalton Adding Machine Sales Company, and that any notice or communication relating hereto or contemplated hereby shall be made in writing to said company at Cincinnati, Ohio, and not otherwise."

299 S.W.—59

The appellee answered by general demurrer, general denial, and alleged that at the time of the execution of the contract he advised the agent of appellant that he did not want a bookkeeping machine, but an adding machine; that the agent insisted that appellee take the bookkeeping machine for 10 days' trial and sign an order for the adding machine, which would not be filed until he was allowed 10 days to try out the bookkeeping machine, and if after 10 days the bookkeeping machine did not give satisfaction he would be sent the adding machine which he wanted; that relying on said representations, the bookkeeping machine was sent to appellee and in about 10 days after its delivery the agent called and appellee advised him that he did not want the bookkeeping machine; that the agent told appellee to pack said machine for shipment, and he would take it up and send appellee the machine he wanted; that it was understood and agreed, at the time the order was signed, that appellee was not buying a bookkeeping machine but an adding machine, as described in the order, and that about 10 days after the delivery of the bookkeeping machine, the agent promised to take up said machine and have the appellant send him the adding machine that he had ordered.

The court, at the request of appellee, submitted the case to the jury upon the following special issues:

"Special issue No. 1. Is the machine introduced in evidence herein the machine purchased by the defendant herein?

"Special issue No. 2. Did the plaintiff, through its agent, agree with the defendant to hold the contract sued on until the defendant had tried out the bookkeeping machine?"

The record discloses that:

"Thereafter, by consent of the parties, special issue No. 1 was withdrawn from the jury and the jury instructed not to answer said issue."

The jury answered special issue No. 2 in the affirmative, and the court rendered judgment in favor of appellee and that appellant take nothing by its suit, from which judgment this appeal is prosecuted.

The appellant introduced in evidence the contract, and it was agreed that such contract had been duly filed in the chattel mortgage records of Bailey county, Tex., on December 20, 1924, and that the 10 per cent. attorney's fees stipulated therein are reasonable.

K. K. Smith, the president of appellee, testified that he gave the order introduced in evidence to appellant for an adding and calculating machine, with the understanding that it would not be filed for 10 days; that the agent had with him a bookkeeping machine exactly like the one sent to appellee; that appellee advised the agent that he did not want that kind of a machine as it would

not work in his kind of bookkeeping; that he wanted an adding machine, and the agent told him that if he was not satisfied with the bookkeeping machine, after 10 days' trial, he would take it up and have the adding machine sent; that he received the bookkeeping machine the latter part of December, and about 10 days thereafter told appellant's agent that he could not use it, and the agent told him to box it up and he would take it to Amarillo and have the adding machine sent to him, as ordered, but the bookkeeping machine was never called for; that all the bookkeeping machine which he received, except that part exhibited in the courthouse, was boxed up over at appellee's place of business in Muleshoe, where it had been since he received it; that he had used the machine sent him in his business as an adding machine; that the paint on the top part of the handle was worn off; and that he never did get the machine that he contracted for.

[1] If the appellee, after having pleaded and offered evidence to show that he never received the machine ordered, intended to abandon such defense by agreeing with the appellant that such issue might be withdrawn from the jury, the court would not be authorized to pass upon such issue. Citizens' National Bank v. Texas Compress Co. (Tex. Civ. App.) 294 S. W. 331, and authorities cited.

[2] If the parties, by said agreement, intended to permit the court to pass upon such issue, then we should presume in favor of the judgment that the court determined such issue in favor of appellee. Article 2190, R. C. S. 1925; Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132; Hughes et al. v. Hughes et al. (Tex. Com. App.) 221 S. W. 970.

There is nothing in the record to disclose why said issue, after being submitted, was withdrawn, nor the purpose and intention of the parties in so doing.

To add to the uncertainty, there is what purports to be a statement of facts, under article 2244, R. C. S., but the parties state:

"We also agree to submit this cause as an agreed case under the provisions of the statute, and that it may be determined accordingly." Article 2177, R. C. S.

The court certifies that the statement of facts on file was signed by counsel for all parties thereto "and was submitted to the court and disposed of as an agreed case," but the case before us was tried to a jury.

[3] The finding on issue No. 2, standing alone, would not authorize the judgment rendered.

[4] Appellee did not plead that his signature to the contract was secured through fraud and did not tender, in his pleadings, the machine to appellant. Issue No. 1 would

have, under the facts revealed in this record, constituted a defense to appellant's cause of action, as pleaded. "It is a well-settled rule of the law of sales that a buyer cannot be compelled to accept and pay for something which he has not agreed to buy. 2 Mechem on Sales, 1154. If the thing tendered be not what he agreed to buy, he may reject it, even though it is like the thing he bought." Dallas Oil & Refining Co. v. Washington Cotton Oil Co. (Tex. Civ. App.) 283 S. W. 345, and authorities cited. See Markham Warehouse & Elevator Co. v. Plotner & Stoddard (Tex. Civ. App.) 140 S. W. 356; Pruitt Commission Co. v. Fruit Dispatch Co. (Tex. Civ. App.) 129 S. W. 1150.

Under the record, appellee had not waived its right to have delivered to it the machine purchased. The judgment is reversed and the cause remanded.