## McNEILL et al. v. VICKERY.
### No. 905.

Court of Civil Appeals of Texas. Waco.
March 27, 1930.

See, also, 7 S.W.(2d) 122.

Tom P. Scott, of Waco, for appellants.

Jas. M. Robertson and J. P. Word, both of Meridian, for appellee.

BARCUS, J.

Appellants instituted suit in the justice court, seeking to recover from appellee $120, the alleged value of 240 bushels of corn, and $60, the alleged value of some hay, which they alleged belonged to them and which appellee had converted to his own use and benefit. The cause was appealed to the county court, and in said court appellee filed written pleadings, and by cross-action sought to recover from appellants $281.25 due him as rents, $24 for services and labor performed, $56 for cottonseed, a total of $361.25, less a credit of $162, leaving a balance of $199.25. In addition thereto appellee sought to recover judgment against appellants for $116 exemplary damages, making a total damage, which appellee sought against appellants, of $315.25. The cause was tried to a jury and resulted in judgment being rendered for appellee against appellants for $123.

Appellants complain of the action of the trial court in overruling their general demurrer to the cross-action as pleaded by appellee. We sustain this assignment. The cross-action claimed by appellee was beyond the jurisdiction of the justice court. On appeal to the county court its jurisdictional amount is limited to the jurisdiction of the justice court. Thorp v. Cook (Tex. Civ. App.) 239 S. W. 1118.

Appellants complain of the action of the trial court in refusing to submit the cause on special issues at their special instance and request. We sustain this assignment. The court submitted two questions to the jury, namely:

"(1) What amount of damages is the plaintiff due the defendants, if any, on their plea of reconvention and cross action herein?

"(2) What is the defendant due the plaintiff, if any?"

These issues were nothing more than a general charge, presenting the respective claims of appellants and appellee. Appellants were suing for two specific and separate items of damage, and appellee was suing for three or more separate items of damage. The trial court is required to submit each issue raised by the pleadings and evidence separately and distinctly.

Appellants complain of the action of the trial court in overruling their request for a peremptory instruction in their favor on the cross-action of appellee, on the theory that there was no evidence showing that appellants were liable to appellee for any amount. Since the case is to be reversed and appellee may amend his cross-action and bring same within the jurisdiction of the trial court, we will consider this assignment. The evidence

shows that P. Estrada rented a farm from appellee for the year 1926, agreeing to give the landlord one-third of the grain and one-fourth of the cotton as rental. Appellants, as merchants, furnished the tenant and took a mortgage on his interest in the crop. In August, 1926, the tenant told appellants that he already owed them more than his crop was worth and that he was going to abandon it. The tenant then went to appellee, his landlord, and told him that he had no equity in the crop and that he was going to and he did abandon said crop. Thereafter appellants talked with appellee and asked him if they, appellants, should have the crop gathered or would he, the landlord, have it gathered, and appellee refused to have said crop gathered and told appellants that he was not in that business. Thereupon appellants hired the cotton gathered and appellee testified that he received one-fourth of the cotton that was gathered. From appellee's testimony it appears his sole claim against appellants for damages was based on his contention that they did not gather all of the cotton and did not use due diligence with reference thereto, but permitted part of it to waste. Appellants, as mortgagees, were under no more obligation to gather the crop than was appellee, the landlord. They inquired of him as to whether he would gather the crop and he refused to do so. Appellants could have also refused to gather the crop and no one would have gotten anything therefrom. There is no suggestion in appellee's testimony that he was in any way prevented by appellants from gathering said crop or preserving it, or that appellants were responsible for any portion of the crop not being gathered. Under said state of facts, appellee would not be entitled to recover against appellants for any loss by reason of the cotton not being gathered.

For the errors indicated, the judgment of the trial court is reversed and the cause remanded.

GALLAGHER, C. J., took no part in the consideration and disposition of this case.