**BANKERS' MORTG. CO. OF TOPEKA, KAN., v. ROGERS.**

No. 1389.

Court of Civil Appeals of Texas. Waco.

May 25, 1933.

Rehearing Denied June 22, 1933.

Frank Oltorf, of Marlin, for plaintiff in error.

Cecil R. Glass, of Marlin, for defendant in error.

GALLAGHER, Chief Justice.

This suit originated in the justice court, precinct No. 1, Falls county, in which court Ewell A. Rogers, hereinafter called plaintiff, recovered a judgment against the Bankers' Mortgage Company of Topeka, Kan., hereinafter called defendant, for the sum of $188.-15. Defendant prosecuted an appeal from that judgment. The Fidelity & Deposit Company of Maryland was surety on its appeal bond. The county court of that county being without civil jurisdiction, the appeal was filed in the district court. The pleadings of the parties in the justice court are not found in the record. Both parties filed written pleadings in the district court. Plaintiff, in his petition, asserted a demand against defendant in the sum of $180, with accrued interest thereon, and alleged as the basis of such demand that he applied for and agreed to purchase from one Elliott, an agent of defendant, a bond of the face value of $3,000, to be issued by defendant; that he paid to said agent the sum of $15 cash and executed his note to defendant for the further sum of $165; that said note was immediately transferred by said agent to a bank at Marlin and that the same had been fully paid by plaintiff; that he was induced to make said application for the purchase of such bond by the false and fraudulent representation by said agent that it, when issued and delivered to him, would contain a provision that after one year from the date thereof and the full payment of his note as aforesaid, plaintiff might at his option surrender the same to defendant and defendant would refund or repay to him the full amount paid by him therefor, with interest thereon at the rate of 5½ per cent. per annum; and by the further false and fraudulent representation by said agent that Mr. Fountain, president of a local bank, had examined the financial condition of defendant and the plan of investment proposed by it in the issuance of such bonds, and had approved all of the same. Plaintiff further alleged that the bond issued and delivered to him by defendant did not contain such provision for surrender and repayment. Plaintiff prayed for judgment for said sum of $180 paid by him, with interest thereon to the time of trial. Defendant alleged, in substance, that plaintiff's application and the bond issued by it in pursuance thereof together constituted a writ-

ten contract, complete on its face; that the same could not be varied by. parol; and that said bond had been delivered to and accepted by plaintiff.

The case came on for trial. The issues of fact and law were submitted to the court and judgment rendered in favor of plaintiff against defendant as principal and the Fidelity & Deposit Company of Maryland as surety on its appeal bond for the sum sued for. Defendant has sued out a writ of error to this court for the review of such judgment.

## Opinion.

Defendant, by an appropriate assignment of error, assails the potential jurisdiction of the district court to render herein judgment against it, on the ground that the justice court, in which the suit originated, was without jurisdiction of the cause of action asserted by plaintiff herein, and that the jurisdiction of the district court being in this cause appellate only, was subject to the same limitations as the court below. The specific contention urged by defendant under said assignment is, in substance, that plaintiff's suit involved as a necessary element thereof, and as a prerequisite to any recovery therein, a cancellation, express or implied, of the bond so applied for or purchased, and that since the nominal or face value of said bond was, and the ultimate value thereof at maturity might be, the sum of $3,000, the justice court was wholly without jurisdiction to decree such cancellation. The application signed by plaintiff for the purchase of. said bond, so far as material to the issue under consideration, was as follows: "I am of legal age, and hereby apply to The Bankers Mortgage Company of Topeka, Kansas, for a $3000.00, eleven year installment first mortgage savings bond, and agree to pay $——— upon the signing of this application and further payments according to the conditions of said bond." Said application was delivered to defendant's agent. Plaintiff, at the same time, paid said agent the sum of $15 in cash and executed and delivered to him his promissory note, payable to defendant, for the sum of $165, to be paid in eleven monthly installments of $15 each. The bond so applied for had not at that time been issued and no proposed form thereof was exhibited to plaintiff. Said agent, to induce plaintiff to sign said application, to make such cash payment, and to execute and deliver said note, made to plaintiff the specific representations recited in plaintiff's pleadings as aforesaid, and such action on the part of plaintiff was induced thereby. Said agent did not transmit the note to defendant but immediately sold and delivered the same to a bank in Marlin. Some time thereafter defendant, in purported compliance with the terms of said application, issued to plaintiff. its so-called mortgage savings bond, in which: it promised, in consideration of said sum of $180, the amount of his cash payment and note as aforesaid, and in consideration of the payment by him of $15 monthly in advance during the period of eleven years from the date thereof, to pay him at the expiration of said period, upon presentation and surrender thereof, the sum of $3,000. Although said so-called bond was necessarily issued after the transaction between plaintiff and defendant's agent, it was made to bear the same date as said transaction. It was sent to the same bank which had purchased plaintiff's note and held by it until the maturity and payment of the last installment due thereon. Plaintiff testified that he was not permitted to examine the bond until such final installment was paid. The representation of the agent that Mr. Fountain had examined defendant's financial condition and its plan of investment involved in the issuance of such bonds, and had approved the same, was false. When plaintiff received and examined the bond, he found it did not contain a provision for the surrender thereof at his option and the repayment of all amounts paid by him thereon, which the agent represented it would contain, and which representation was the specific inducement which caused him to offer to purchase the same. Plaintiff, within a reasonable time after he received said bond and ascertained that it did not conform to the representations under which it was sold, demanded of defendant the return of his money, and on its failure to return the same, promptly instituted this suit. The bond issued by defendant and delivered to plaintiff as aforesaid covers about fourteen pages of the statement of facts. The language thereof is technical and the provisions numerous and intricate. Considering the instrument as a whole, we discover that payments thereon by the holder were to be purely voluntary and failure to make the same was to operate as a forfeiture of the rights of the holder thereof, subject to certain privileges of reinstatement and the right to the issuance by defendant on the surrender thereof of a paid-up bond, due at the maturity date of the original, for a limited stipulated amount, provided the initial payment of $60 per thousand had been made and monthly payments of $15 per thousand had been made for two full years from and after the date of the bond. The bond delivered to plaintiff provided, in addition to the initial payment made by plaintiff by cash and note aforesaid, for the further payment of $15 each and every month from and after the date thereof. Such payments on said bond at the time it was delivered to plaintiff were in default for the whole of the preceding year, and said bond, except for reinstatement privileges, was wholly without value. The provision for continuous monthly payments during the first year in addition to the initial payment as aforesaid was not disclosed to plaintiff

at the time he was induced to apply for the purchase of such bond.

■ The district court, in which this case was tried on appeal from the judgment rendered in the justice court, had no jurisdiction of the cause of action asserted unless the latter court had such jurisdiction. Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 481, 119 S. W. 294. Plaintiff on appeal could not enlarge his demands beyond the jurisdiction of the court below. Texas Power & Light Co. v. Hale (Tex. Com. App.) 283 S. W. 495 et seq. The jurisdiction of the court over the subject-matter of a particular suit pending or adjudicated therein must be determined by the pleadings. The trial of cases both in the justice court and in the county or district court on appeal therefrom, on oral pleadings, is authorized. Such pleadings are not ordinarily shown in the transcript. Even though written pleadings are found in the transcript, the court will in such cases presume that there were oral pleadings in addition thereto, but not inconsistent therewith, sufficient to show jurisdiction and support the judgment. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, 846 et seq.; Galveston, H. & S. A. Ry. Co. v. Masters (Tex. Civ. App.) 23 S.W.(2d) 759, par. 1. Plaintiff's pleadings in the justice court not being shown by the transcript, will be presumed to have asserted a cause of action within the jurisdiction thereof and to have been sufficient to support its judgment. Plaintiff's pleadings in the district court on appeal are aided by a like presumption of sufficiency, unless the contrary affirmatively appears. The facts have been stated in order that plaintiff's petition may be considered in the light thereof. Plaintiff therein merely sought recovery for the sum of $180, which he alleged he was induced by false and fraudulent representations to pay to defendant for one of its investment bonds. He alleged that when such bond was ultimately delivered to him after certain stipulated payments had been fully made, it was not the kind of an instrument defendant's agent had represented it would be. He prayed for recovery of the sum so paid therefor. Oral allegations in addition thereto that the bond so tendered was not worth the sum paid therefor and that he refused to accept or recognize the same as a compliance with his offer of purchase but rejected the same and demanded the return of the amount paid by him therefor, if necessary to support the judgment, will be presumed. Clonts v. Johnson, supra; Galveston, H. & S. A. Ry. Co. v. Masters, supra, and authorities there cited. Such presumption is wholly consistent with plaintiff's written pleadings and the judgment rendered by the court and also with the evidence adduced at the trial.

■ Contracts are formed by an offer by one party and acceptance by the other.

13 C. J. p. 265, § 52. The minds of the parties must meet on the substantial terms of the contract before it can be enforced. Summers v. Mills, 21 Tex. 77, 86 et seq.; Springfield Fire & Marine Ins. Co. v. Hubbs-Johnson Motor Co. (Tex. Com. App.) 42 S.W.(2d) 248, 250, par. 3; Fordtran v. Stowers, 52 Tex. Civ. App. 226, 113 S. W. 631, 633, par. 2 (writ refused); Norwood v. Adams (Tex. Civ. App.) 51 S.W.(2d) 625, 628, par. 6. An offer of purchase may be accepted by the delivery of the thing purchased if such manner of acceptance is contemplated by the offerer. In such cases, however, the thing delivered must meet the conditions of the offer. If it does not, the buyer may reject the tender thereof, and if he does, no contract results. 13 C. J. p. 275, § 73; Flatow, Riley & Co. v. Roy Campbell Co. (Tex. Com. App.) 280 S. W. 517, 519, 520, pars. 2, 3, and 4; Dallas Oil & Refining Co. v. Washington Cotton Oil Co. (Tex. Civ. App.) 283 S. W. 345, 346, par. 1; Dalton Adding Machine Sales Co. v. Valley Motor Co. (Tex. Civ. App.) 299 S. W. 928, 930, par. 4; Markham Warehouse & Elevator Co. v. Plotner & Stoddard (Tex. Civ. App.) 140 S. W. 356, 357. Under the above authorities, no contract for the purchase by plaintiff of the bond issued by defendant was consummated. This case is distinguishable from Gossett v. Manley (Tex. Civ. App.) 43 S.W. (2d) 622, cited and relied on by the defendant. In that case the parties had entered into a written contract, by the terms of which Manley agreed to purchase from Gossett certain real estate and to pay him therefor the sum of $2,500. Manley had paid a comparatively small part of the purchase price when he claimed to have discovered that the property described in the contract was not the property he had agreed to buy. He charged Gossett with fraud in the preparation of said contract and alleged that he had elected to rescind and disavow the same. He thereupon sued in the county court to recover the sum of $380, the amount he had paid on said contract. The court held that Manley's suit, while in the form of an action at law to recover the sum so paid as aforesaid, necessarily involved a cancellation of said contract, the amount of which was without the jurisdiction of the county court. As we have hereinbefore held, no contract for the purchase by plaintiff of the bond issued by defendant and sent to the bank for delivery to him was ever consummated. The district court was not without jurisdiction of the cause of action asserted by plaintiff herein.

■ Defendant presents assignments of error in which it contends that the court erred in permitting plaintiff to testify that its agent made the specific representations alleged and that he relied thereon. Defendant's contention is based on the fact that the application for the purchase of said bond

which plaintiff signed contained the following provision: "Any statement made by salesman at variance with the bond shall not be binding on the company." The application merely referred to the bond to be issued and delivered in pursuance thereof as a "$3000.00 eleven-year installment first mortgage savings bond." No other or further description of same was contained therein. Defendant must necessarily have contemplated that any person interested in purchasing such a bond, and required to make an advance payment of $180 thereon at the time he applied therefor, would expect to receive some definite information about the terms and provisions of the same. So far as disclosed, defendant's solicitor was the only source of such information. Statements made by him in that connection were apparently within the scope of his authority as a soliciting agent. Plaintiff having been induced to apply for said bond and to make the initial payment thereon with cash and note by the false and fraudulent representations of defendant's agent, he was entitled to disaffirm and avoid said transaction in its entirety. He was no longer bound by any of the stipulations, including the one relied on by defendant. Edward Thompson Co. v. Sawyers, 111 Tex. 374, 378 et seq., 234 S. W. 873; Commercial Jewelry Co. v. Braczyk (Tex. Civ. App.) 277 S. W. 754, 755, et seq., and authorities there cited. The court did not err in permitting the witness to so testify nor in according plaintiff appropriate relief based on such testimony.

The judgment of the trial court is affirmed.