### PERRY et al. v. LUETTICH.

### No. 3297.

Court of Civil Appeals of Texas. El Paso.
April 9, 1936.

Rehearing Denied May 7, 1936.

C. W. Croom, of El Paso, for appellants.
David J. Smith, of El Paso, for appellee.

PELPHREY, Chief Justice.

Appellants, as owners of certain real property on the North Loop road in El Paso county, Tex., instituted a suit in forcible entry and detainer against appellee in justice's court. Judgment was there rendered in favor of appellee, and appellants prosecuted an appeal to the El Paso county court at law, where judgment was rendered non obstante veredicto also in favor of appellee. In this judgment was included the sum of $200 as reasonable expenses of defending the suit in the county court at law.

From such judgment, this appeal has been perfected.

While appellants complain because the trial court refused their motion for judgment based on the jury's findings, because the court rendered judgment in favor of appellee, non obstante veredicto, and because the court awarded appellee the aforesaid $200 expenses for defending the suit, they have briefed only the last question.

Among the statutory provisions governing forcible entry and detainer suits, we find the following: "On the trial of the cause in the county court the appellee shall be permitted to prove the damages for withholding the possession of the premises from the appellee during the pendency of the appeal and the reasonable expenses of the appellee in prosecuting or defending the cause in the county court; and, if the possession of the premises be not adjudged to the appellant said court shall render judgment also in favor of the appellee and against said appellant and the sureties on his bond for the damages proven and all costs." Vernon's Ann.Civ. St. art. 3990.

Appellant contends that the right to recover the expenses of prosecuting or defending the cause in the county court under the above article arises only where the appellant withholds the possession of the premises during the pendency of the appeal, and, therefore, appellee, having been in possession of the premises at all times, was not entitled to recover his attorney's fees.

The article in question first appears in the Revised Statutes of 1879 (article 2459) and,

yet, we find very few decisions affecting its provisions.

As far as we have been able to find, the exact question here presented has never been before an appellate court in Texas.

The rule cited by appellant as to the allowance of attorney's fees is well established, and unless the right to recover them here is made reasonably certain by the above statute, this judgment should be reversed. The Legislature clearly intended, we think, to award to the party who was successful in both the justice's and county courts, the loss sustained by him by reason of the withholding of the premises and the expenses made necessary by the appeal.

It is of course true that no damages could arise from withholding the possession of the premises from the appellee where he himself was in possession of them, but the expenses incidental to the prosecution or defense of the suit on appeal would be the same regardless of where the possession might be. Therefore, it would be a strained construction of the article to say that merely because damages for withholding possession could not be allowed except where a withholding occurred, that the right to recover expenses incurred would also depend upon such fact.

The proper construction of the statute supports the judgment of the trial court, and it is accordingly affirmed.