**SCROGGINS et al. v. HAMMOND et al.**

No. 8755.

Court of Civil Appeals of Texas. Austin.

Oct. 5, 1938.

On Rehearing Nov. 2, 1938.

Wright Stubbs and Lowrey Wittaker, both of Austin, for plaintiffs in error.

Horace H. Shelton and Yelderman & Yelderman, all of Austin, for defendants in error.

BAUGH, Justice.

On July 16, 1937, defendants in error, as plaintiffs, filed suit in the justice court against plaintiffs in error for forcible entry and detainer of certain premises situated in the City of Austin, and for $180 as rents due to that date. On July 27th the justice court rendered judgment therein, finding the plaintiffs in error guilty of forcible detainer, and awarded defendants in error a writ of restitution of said premises; but made no disposition in said judgment of the claim for rents. Thereupon plaintiffs in error appealed to the county court. Under the holding in Speed v. Sawyer, Tex.Civ.App., 88 S.W. 2d 556, this appeal transferred the entire case to the county court.

By amended petition in writing filed in the county court on October 28, 1937, the defendants in error alleged that at the date of the filing of said suit in the justice court there was due to defendants in error by plaintiffs in error rents in the sum of $290, and sought recovery in the county court of that sum. They also sought recovery of an additional $150 in rents from the date of the justice court judgment to the date of the trial in the county court, and $20 for attorney's fees, thus increasing their demand to $440 for rents, in addition to the attorney's fees. On November 16, 1937, the county court rendered judgment for defendants in error against plaintiffs in error for $440, and for restitution and possession of the premises. From that judgment this writ of error was prosecuted.

No issue is made that the amount alleged in the justice court as due at that time was fixed for the fraudulent purpose of conferring jurisdiction thereof on the justice court. However that may be, when the defendants in error amended their pleadings so as to increase in the county court the amount of the demand beyond the jurisdiction of the justice court, the county court lost jurisdiction of

the case. The exact question was before the Commission of Appeals in Texas Power & Light Co. v. Hale, 283 S.W. 495, wherein it is said [page 496]: "The amended petition set forth a demand beyond $200, and, this being beyond the jurisdiction of the court in which the controversy arose, the county court had no jurisdiction to try the case upon this amended petition."

To the same effect are the holdings in Curton v. Craddock, Tex.Civ.App., 252 S. W. 1075; Davis v. Hagan, Tex.Civ.App., 255 S.W. 484; and Bankers' Mortgage Co. v. Rogers, Tex.Civ.App., 61 S.W.2d 593. See, also, 26 Tex.Jur., § 143, p. 856, and cases cited thereunder.

This being true, the county court was without jurisdiction to render the money judgment herein appealed from. The county court, however, as did the justice court, did have jurisdiction to determine the issue of forcible detainer, which it determined against defendants in error herein, and of which no complaint is made. That part of the judgment, therefore, awarding restitution of said premises to defendants in error herein, is affirmed. That portion awarding the money judgment in favor of defendants in error against plaintiffs in error is reversed and the cause as to this demand is ordered dismissed in the trial court without prejudice to the rights of defendants in error to bring suit thereon in a court of competent jurisdiction.

Affirmed in part and in part reversed and dismissed.

### On Motion for Rehearing.

Defendants in error urge that the trial court's money judgment in favor of the defendants in error against the plaintiffs in error and the sureties on their appeal bond from the justice to the county court should be affirmed. In this we have concluded that they are correct.

 While the county court lost jurisdiction of the plaintiffs' demand for rents under their rental contract, it had jurisdiction of that portion of the cause of action for forcible detainer. Art. 3990, R.S.1925, as amended in 1927, Acts 40th Leg., p. 74, Ch. 51, Vernon's Ann.Civ.St. art. 3990, expressly authorizes the county court, on appeal thereto from the justice court, in a forcible detainer action to render judgment, not only for possession of the premises, but for damages for with-

holding such possession between the date of the justice court judgment and the time of the trial in the county court. This item the county court had original jurisdiction to render, in conjunction with the trial of the issue of possession of the premises, independent of the item of rents sued for. R.S. 3990, Vernon's Ann.Civ. St. art. 3990; Holloway v. Paul O. Simms Co., Tex.Civ.App., 32 S.W.2d 672; Perry v. Luettich, Tex.Civ.App., 93 S.W.2d 790; 19 Tex.Jur., § 4, p. 761.

Our former judgment herein is therefore modified so as to also affirm the judgment of the trial court in favor of the defendants in error and against the plaintiffs in error and the sureties on their appeal bond from the justice to the county court in the sum of $220. In other respects our former judgment herein is not disturbed.

Granted in part.