### MATTHEWS v. DUNCAN et al.
### No. 3630.

Court of Civil Appeals of Texas. Beaumont.

Feb. 29, 1940.

H. R. Rolston, of Lufkin, for appellant.

C. W. Falvey, of Lufkin, for appellees.

WALKER, Chief Justice.

This case originated in justice court, precinct No. 1, Angelina county, an action by appellant against appellees for $118. On trial to the court without a jury, judgment was in favor of appellees on the following finding by the court: "That same action is a suit wherein J. D. Matthews plaintiff is claiming an indebtedness of $118.00 due and owing by defendants to him, and that defendants, as a matter of defense have interposed their counter claim to said indebtedness and request that said counter claim be allowed over and against the said debt of $118.00 and the court is of the opinion that same should be done."

From the judgment against him, appellant appealed to the county court of Angelina county, where, on trial to a jury, judgment was rendered against him in favor of appellees for the sum of $250 on the verdict of the jury answering the following issues as indicated:

"Issue No. 1.

"What amount, if any, do you find from a preponderance of the evidence, the defendants are indebted to the plaintiff, J. D. Matthews.

"Answer by stating the amount, if any.

"Answer: $————

"Special Issue No. 2.

"What amount, if any, do you find from a preponderance of the evidence, the plaintitt is indebted to the defendant, Millie Duncan et al.

"Answer by stating the amount, if any.

"Answer: $250.00."

In justice court, appellant's demand was for the balance due on an account between him and appellees. Appellees filed a counterclaim against appellant of $722.25, with credits in appellant's favor of $389.50. Since the pleadings in justice court are oral, in support of the judgment rendered in justice court, we indulge the presumption that appellees abandoned their counterclaim and simply plead payment of the $118 claimed by appellant against them.

On appeal to county court, the pleadings are also oral, and in view of the verdict of the jury we must indulge the presumption that appellees plead a counterclaim of at least $250 in excess of the amount claimed against them by appellant. The judgment is fundamentally erroneous, the amount in controversy being beyond the jurisdiction of the court. On appeal from justice court to county court, the jurisdiction of the county court is limited to the jurisdictional amount of the justice court, which is $200. McNeill et al. v. Vickery, Tex.Civ.App., 26 S.W.2d 741; Bankers' Mortgage Co. v. Rogers, Tex.Civ. App., 61 S.W.2d 593; Trail v. Harper, Tex.Civ.App., 58 S.W.2d 883; 26 Tex.Jur. 956.

Judgment reversed, and cause remanded.