Ray STANLEY, Appellant,

v.

T. J. HICKS, Appellee.

No. 3206.

Court of Civil Appeals of Texas.

Waco.

Nov. 24, 1954.

918

Maddin & Copeland, Waco, for appellant.

Corsbie, Koehne, Jones, Fulbright & Ponder, Waco, for appellee.

McDONALD, Chief Justice.

This case originated in the Justice Court, where the pleadings were oral but where the citation reflected that plaintiff sued for $200, interest, costs of court, attorney's fees, etc. Judgment was rendered for plaintiff for $200 and defendant appealed to the County Court. In the County Court plaintiff filed written pleadings and prayed for $200 actual damages and $300 exemplary damages. Judgment was again rendered for plaintiff for $200.

Defendant appeals to this court, contending that the Trial Court erred in rendering judgment because it was without jurisdiction over the controversy. There are two questions presented for determination: 1) Did the Justice Court have jurisdiction of the original controversy; and 2) If the Justice Court had jurisdiction of the original controversy, did the County Court have jurisdiction to try the cause after the plaintiff had filed his written pleadings increasing his demand to $500?

As to whether or not the Justice Court had jurisdiction of the original controversy—there is no Statement of Facts before us, but the Transcript contains the citation which, as hereinabove stated, reflects that the Plaintiff sued for $200 and attorney's fees. If attorney's fees were in fact sued for by the Plaintiff the jurisdictional amount of the Justice Court is exceeded.

The judgment which the Transcript contains is regular and recites that the Plaintiff *do have and recover of and from the Defendant the sum of $200 \* \* \**".

Pleadings in the Justice Court may be either oral or written. In the case at bar the pleadings in the *Justice Court* were oral. The judgment of the Justice Court recites judgment for an amount within the jurisdiction of the Justice Court and discloses nothing which would indicate that the Justice Court did not have jurisdiction of the case. Where pleadings in the Justice Court are oral, it is presumed, in the absence of a contrary showing, that the oral pleadings were in support of the judgment and that the facts pled placed the case in the jurisdiction of the Justice Court. See 26 T.J., p. 984, Sec. 162 and p. 986, Sec. 163; 6 T.J. 10 Yr.Supp., p. 717, Sec. 162, and p. 718, Sec. 163; Maass v. Solinsky, 67 Tex. 290, 3 S.W. 289; Upham Gas Co. v. Veasey, Tex.Civ.App., 28 S.W.

2d 233; Howell v. Johnson, Tex.Civ.App., 46 S.W.2d 463, Error Dismissed; Bankers' Mtg. Co. of Topeka, Kan. v. Rogers, Tex.Civ.App., 61 S.W.2d 593; Jones Hardware Co. v. Telford, Tex.Civ.App., 63 S.W. 2d 735, Error Dismissed; Penrod v. Von Wolff, Tex.Civ.App., 90 S.W.2d 859.

■ The appellant earnestly contends that since the citation reflects that the amount in controversy was *$200 and attorney's fees,* that we should presume that the amount sued for was above the jurisdiction of the Justice Court. However, it is to be observed that the citation in the Justice Court is an instrument which is prepared either by the Justice of the Peace or his clerk, and that this is done prior to the time oral pleadings are made. To presume that a citation which reflects an amount in controversy beyond the jurisdiction of the court, renders the court without jurisdiction when the pleadings were oral would be directly contrary to the authorities above cited.

■ In the case at bar the plaintiff secured from the Justice of the Peace in whose court the case was filed and tried, a certificate to the effect that the plaintiff filed his case for $200 and that in his oral pleadings he pled for $200 only. This certificate has been filed in this court as a Supplemental Transcript. It has been held that in case of a suit commenced in the Justice Court, the Court of Civil Appeals may consider affidavits touching jurisdiction of the cause in the Justice Court where they merely supplied deficiencies of the record as to matters which were orally pled in the Justice Court. Vol. 3A, Tex. Jur., Sec. 399, p. 504; Clark v. Bradley, Tex.Civ.App., 270 S.W. 1050.

In the Clark v. Bradley case, supra, the court points out that if the affidavit or other extrinsic material attempts to contradict or vary the record, such is prohibited and is not to be considered, but where it merely seeks to explain the true facts as they took place in the oral pleadings, such may be considered as supplying a deficiency in the record.

■ In view of the foregoing, it is presumed, and we believe that the plaintiff sued for $200 only in the Justice Court, and over which amount the Justice Court had jurisdiction. Accordingly, we answer the 1st question herein presented for determination in the affirmative.

The 2nd question for determination is whether the County Court had jurisdiction to try the cause after the plaintiff had filed his written pleadings increasing his demand to $500—an amount above the jurisdiction of the Justice Court from which the case was on appeal. Here we have a situation in which the County Court properly acquired jurisdiction of an appeal from the Justice Court—(and in a case wherein the amount in controversy was within the jurisdiction of the Justice Court) but where *after* the case came properly before the County Court, the plaintiff filed written pleadings amending his original demand so that the amount exceeded the amount of which the Justice Court had jurisdiction.

■ This court, in Davis v. Hagan, Tex.Civ.App., 255 S.W. 484, 485, in an identical factual situation held that the question is a jurisdictional one and that amendment of pleadings in the County Court by a plaintiff on appeal from Justice Court so that the amount sued for exceeded the jurisdiction of the Justice Court constituted fundamental error requiring a reversal.

Some of the authorities in accord with the foregoing are: Missouri, K. & T. Ry. Co. of Texas v. Hughes, 44 Tex.Civ.App. 436, 98 S.W. 415; Taylor v. Lee, Tex.Civ. App., 139 S.W. 908; Texas Power & Light Co. v. Hale, Tex.Com.App., 283 S.W. 495; Curton v. Craddock, Tex.Civ.App., 252 S.W. 1075.

We must answer the 2nd question in the negative and hold that where a plaintiff, by written pleadings in the County Court on appeal from the Justice Court, amends his demand so that it exceeds the amount of which the Justice Court had jurisdiction, the County Court had no jurisdiction

to try the cause on the amended demand, under art. 5, §§ 16 and 19 of our Constitution, Vernon's Ann.St.

The authorities supra further hold that upon reversal the plaintiff may amend if he so desires, reducing his demand to the amount originally sued for, in which case the County Court will have jurisdiction to try the cause.

The cause is accordingly reversed and remanded.