NATIONAL RESORT COMMUNITIES, INC., et al., Appellants,

v.

Kenneth L. CAIN et al., Appellees.

No. 12158.

Court of Civil Appeals of Texas, Austin.

June 26, 1974.

Rehearing Denied July 31, 1974.

Second Motion for Rehearing Overruled Aug. 14, 1974.

Barry K. Bishop, Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellants.

Douglass D. Hearne, Stayton, Maloney, Hearne, Babb & Cowden, Austin, for appellees.

SHANNON, Justice.

The opinion of this Court filed on June 26, 1974, is withdrawn, and the following opinion replaces it.

This is an appeal from the judgment of the district court of Travis County and involves a suit for reformation of a number of contracts for the sale of land and for specific performance.

The appellant, National Resort Communities, Inc., will be referred to as the "vendor." [1] Appellees, Kenneth L. Cain and wife, Betty R. Cain, Donald M. Yarbrough and wife, Joan B. Yarbrough, Irene B. Yarbrough, Richard W. Young and wife, Genevieve Young, and Paul P. Nelson, Jr. and wife, Adell Nelson, will be termed "purchasers."

Previously, this Court reversed the district court's judgment in favor of the purchasers upon the basis that the descriptions in those contracts of sale were insufficient to satisfy the Statute of Frauds. National Resort Communities, Inc. v. Cain, 479 S. W.2d 341 (Tex.Civ.App.1972, writ ref'd n. r. e.). In remanding the cause for another trial, this Court observed that the vendor and the purchasers might have been mutually mistaken in their belief that the descriptions used in the contracts of sale were sufficient to describe particular and identified lots in the new subdivision, and upon the authority of Morrow v. Shotwell, 477 S.W.2d 538 (Tex.1972), suggested that if such had been the fact, the purchasers would have been entitled to reformation of the contracts. 479 S.W.2d 341, 349.

Upon remand, the purchasers amended their pleadings, asked that the contracts be reformed because of mutual mistake, and sought specific performance of the contracts as reformed.

The facts relating to the description of the property appearing in the contracts of sale and the "Sales Deposit Receipts" are set out in the previous opinion of this Court. Reference is also made to that opinion for the facts concerning the representations of the vendor's sale's agent, T. M. Irvin. It should be here stated that subsequent to the time of the signing of the contracts of sale the purchasers caused to be made a survey extending the lines of the platted lots westerly to the channel of the old river.

The case was tried to a jury. In response to five special issues, the jury answered that the vendor, acting by and through its agent, T. M. Irvin, and each of the respective purchasers were mutually mistaken in the belief that the descriptions used in the contracts of sale were sufficient to describe the respective lots and the extensions thereof westerly to the channel of the old river.

Based on the jury verdict, judgment was entered in favor of the purchasers reforming the contracts of sale to satisfy the Statute of Frauds, and decreeing specific performance of those contracts, as reformed. The judgment recited that there was no mistake between vendor and the respective purchasers as to the identity of the property involved, but that there was a mutual mistake between the parties as to the sufficiency of the descriptions of the property used in the contracts of sale.

The vendor attacks the judgment by four points of error, the first two points being that there was no evidence, or insufficient evidence, to support the answers of the

---

1. National Resort Communities, Inc., is the successor in interest to Lago Vista, Inc.

jury that the parties were mutually mistaken in the belief that the sales documents were sufficient to describe the particular and identified lots awarded to the purchasers in the judgment. The vendor's third point complains that there was no evidence and no jury finding of a "mistake" as to it, as a principal and contracting party. The fourth point claims error by the court in failing to submit " . . . an essential fact issue herein, whether the parties reached definite agreements as to particular and identified lots at the time of the execution of the sales documents and intended to describe such lots in the sales documents."

It is not argued by the vendor that the written contracts entered into were insufficient as binding agreements as to lots in the new section as platted and extending westerly, toward the lake, but not closer to the water's edge than the 715-foot contour line. The controversy grows out of the refusal by the vendor to honor the representations of their agent that the purchasers by entering into the written contracts would have the right to receive deeds, when the lots were paid for, conveying to the purchasers waterfront lots, extending westerly beyond the 715-foot contour line into the lake and to the middle of the old river.

It is the vendor's precis that to permit reformation under the circumstances of this case would destroy the Statute of Frauds. We would agree that the allowance of reformation of contracts of sale of land does diminish the impact of the Statute of Frauds. We would also add that the wisdom of permitting reformation in those circumstances is not now an open issue as that matter was settled by a unanimous court in Morrow v. Shotwell, *supra*.

■ As we understand the rule, a contract for sale of land, though insufficient in description of the land to comply with the Statute of Frauds, may be reformed by the court, if it is shown that the parties in-

tended to describe a particular and identified tract in the contract, and were mutually mistaken in the belief that the description used was legally sufficient for that purpose. Morrow v. Shotwell, *supra*. In the suit for reformation, the contract may be reformed by including the field notes prepared by the surveyor after the date the contract was signed. Shotwell v. Morrow, 498 S.W.2d 432 (Tex.Civ.App. 1973, writ ref'd n. r. e.). Upon reformation, if the contract *then* is sufficient to comply with the Statute of Frauds, the court may order specific performance.

■ Under its points one, two, and four, the vendor argues that the rule in Morrow v. Shotwell, *supra,* is nevertheless inapplicable to the case at bar for the reason that the purchasers and the vendor did not agree upon particular and identified lots. The vendor then argues, in effect, that the Supreme Court by employing the terms, *particular* and *identified,* imposed a requirement upon the remedy of reformation, with respect to the description of land, quite as stringent as that imposed by the Statute of Frauds. We think the language of Morrow v. Shotwell, *supra,* concerning the necessity that the parties agree upon a particular and identified tract is but a reflection of the rule of equity that the parties shall have come to an understanding of the essential terms of their agreement before reformation is allowed. 13 Williston on Contracts § 1548 (3rd Ed. 1970). Stated another way, the remedy of reformation presupposes that the parties came to a mutual agreement, but that in the execution of the writing a mistake was made either as to the words included or as to their legal effect.

■ We are of the opinion that each purchaser and the vendor's agent came to a complete mutual understanding of all the essential terms of their bargain. Although those parts of the tracts between the 715-foot contour line to the center of the old river were not surveyed at the time that

the purchasers entered into the contracts of sale, and it was therefore impossible to know with much precision the measurement and size of the tracts, the evidence was that each purchaser and the vendor's agent, Irvin, had agreed upon and located a particular and identifiable tract of land. All of the purchasers had a common interest in obtaining tracts which were bounded by the waters of the lake. Each purchaser and Irvin walked over the lakeshore area available for subdivision, and each purchaser selected his particular tract for some physical feature attractive to him. Irvin set stakes carrying the purchasers' names in the locations selected by Cain, Donald Yarbrough, and Irene Yarbrough. By the time Young and Nelson entered into their contracts of sale, the vendor had caused the land to be platted. Irvin represented to Young and Nelson that when the final survey was completed, the platted lot lines would extend westerly to the center of the old river. Young and Nelson selected their lots from the plat based on that understanding. It was the particular lineament of the land below the 715-foot contour line which determined which platted lots they chose. Irvin at one time even helped Young conduct a "home-made" survey extending the lines of the platted lots which he had selected westerly to the water's edge.

The vendor's third point is that there was no evidence and " . . . no jury finding of a 'mistake' on the part of appellant, as a principal and contracting party." Under this point the vendor devotes its argument to the proposition that Irvin was not authorized to bind the company to the contracts of sale. The vendor then argues, in effect, that the mistake of Irvin was not its mistake since Irvin was acting without authority in making the representations.

It should be noticed at this time that the vendor contracted with Havasu Sales, Inc., for Havasu to sell the lots in the new subdivision. Under that contract Havasu had the " . . . exclusive right to sell, and

to establish the price of, all lots in the Lago Vista subdivisions." The parties stipulated that "at all times pertinent hereto T. M. Irvin was the agent of Havasu Sales, Inc., and Havasu Sales, Inc., was an agent of Lago Vista, Inc., the agency relationship between Irvin and Havasu was not created by written agreement; Irvin was simply a real estate agent clothed with all the actual authority such agent has in law."

The pattern special issue which the court submitted with respect to all of the transactions was as follows: "Do you find from a preponderance of the evidence that the Plaintiff . . . and the *Defendant* . . . *acting by and through its agent, T. M. Irvin,* were mutually mistaken in the belief that the descriptions used in the sales contracts were sufficient to describe a particular and identified lot . . . ." (Emphasis added) Affirmative answers by the jury to issues submitted in the quoted form established mistake of the vendor through the agency of Irvin.

■ It is arguable that the special issues incorrectly assumed a controverted fact, the authority of Irvin to bind the vendor, and that by failing to object to the incorrect issue before the charge was submitted to the jury, the vendor waived that complaint. Texas Rules of Civil Procedure, rule 279.

If, however, the special issues did not assume the fact of Irvin's authority, then the judgment will be affirmed upon the basis that the matter of whether or not the vendor ratified Irvin's acts was an omitted issue deemed to have been found by the court in support of its judgment. Tex.R. Civ.P. 279.

■ Ratification is the affirmance by one of a prior act which did not bind him but which was done or professedly done on his account, whereby that act, as to some or all persons, is given effect as if originally authorized by him. An affirmance

**372**

of an unauthorized transaction may be inferred from a failure to repudiate it. American Law Institute, Restatement of the Law, Agency 2d, §§ 82, 93 (1958). A presumption of ratification will arise from slight evidence when the act done by the purported agent is plainly for the benefit of the purported principal. Davis v. Nueces Valley Irrigation Co., 103 Tex. 243, 126 S.W. 4 (1910).

 An issue constituting a complete and independent ground of recovery is waived unless requested in a substantially correct form. An "independent ground of recovery" is the total of all the facts necessary for a litigant to recover. Omitted issues, constituting only a part of a complete and independent ground and being merely supplemental or incidental to other issues submitted and answered, and if supported by evidence are deemed found in support of the judgment. Hodges, Special Issue Submission in Texas, Sections 74, 76 (1959, with 1969 Sup.), Tex.R.Civ.P. 279.

The purchasers' theory was one for reformation of the contracts of sale because of mutual mistake. To prevail, it was necessary for the purchasers to establish mistake on the part of the vendor through the agency of Irvin, or alternatively, that the vendor had ratified Irvin's acts. Under this record ratification was but a component element of the purchasers' case for reformation, and was not, itself, an independent ground of recovery. As such, ratification was an omitted issue which, if supported by evidence, was deemed found by the court in support of the judgment. Tex.R.Civ.P. 279.

There was some evidence to support the deemed finding by the court in support of its judgment that the vendor ratified Irvin's acts. The vendor received and retained the purchasers' down payments for some time. John A. Moss, Sr., who was the president of Lago Vista, Inc., the predecessor-in-title of the vendor, testified at trial by deposition. His testimony

indicated that he probably knew of Irvin's assumption of authority and that he or his subordinates did nothing to disaffirm Irvin's acts for a number of months.

The motion for rehearing is overruled, and the judgment is affirmed.

Affirmed.