**James R. TURTON, Appellant,**

v.

**Mr. and Mrs. Jack PYLAND, Appellees.**

No. 19538.

Court of Civil Appeals of Texas,
Dallas.

May 8, 1978.

Rehearing Denied June 7, 1978.

Michael Tibbals, Elliott, Meer, Vetter, Denton & Bates, Dallas, for appellant.

Jack Pyland, pro se.

ROBERTSON, Justice.

James R. Turton sued Mr. and Mrs. Jack Pyland to recover rent due under a month-to-month residential lease. The tenants paid the agreed rent through December 31, 1973, but paid no rent for January, 1974. Upon trial to a jury, the jury found that the Pylands had notified Turton that they would vacate the premises, and that this notice was given on November 1, 1973. The jury further found that the Pylands vacated the premises on January 4, 1974, and that the premises were not damaged beyond ordinary wear and tear. Based upon these findings, the trial court rendered a take-nothing judgment against Turton, and he now appeals. We reverse and render.

This appeal presents two primary questions: first, we must determine whether Turton's failure to file his appeal bond within thirty days after the trial court *orally* overruled his motion for new trial precludes our exercise of jurisdiction over this case; second, we must decide whether the tenants have held over beyond the term of the lease, and if so, whether they were thereby rendered liable for rent during the month in which their holdover occurred.

### Jurisdiction

The Pylands urge that we have no jurisdiction over this appeal. This argument is based upon their contention that Turton's appellate timetable commenced when the original motion for new trial was *orally* overruled on September 23, 1977. An amended motion was filed on September 30. According to the Pylands, the original motion for new trial was filed prematurely before the judge signed the judgment, and

was overruled on September 23, the date of the judgment, as shown by the judge's notation on the docket; consequently, they argue, the amended motion for new trial cannot be considered, and the date of the judgment, rather than the date of the order overruling the amended motion, must be used to set the date upon which appellate timing commenced. We cannot accept this argument. Rule 306a of the Texas Rules of Civil Procedure provides, in applicable part:

> In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the *written draft* thereof was signed by the trial judge as stated therein. [Emphasis added]

Under this rule, a motion for new trial is deemed to have been overruled on the date the *written* order to that effect was signed. *See Washington v. Golden State Mutual Life Ins. Co.,* 408 S.W.2d 227 (Tex.1966), *cert. denied* 386 U.S. 1007, 87 S.Ct. 1349, 18 L.Ed.2d 434 (1967); *Hernandez v. Baucum,* 338 S.W.2d 481 (Tex.Civ.App.—San Antonio 1960, no writ). Under Rule 306a, the notation on the docket sheet cannot be considered a written order for this purpose. Consequently, for the purpose of appellate timing, the original motion had not been overruled when the amended motion was filed. Since the appeal bond and transcript were filed within the proper times if the date of the written order overruling the amended motion is considered as the basis of the appellate timetable, we conclude that we have jurisdiction of this appeal.

### The Merits

■ On the merits, Turton argues that since the evidence shows that the Pylands paid their monthly rent through December 31, 1973, but held over until January 4, 1974, without paying rent, he is entitled to recover the rent due for the month of January. We agree. As a general rule, when a tenant holds over after the expiration of the term of a lease, the holding over constitutes a renewal of the lease for a term identical to the lease which has expired. *See Jones v. Winter,* 215 S.W.2d 654 (Tex.

Civ.App.—Amarillo 1948, writ ref'd n.r.e.); *Eckstine v. Webb Walker Jewelry Co.,* 178 S.W.2d 532 (Tex.Civ.App.—Fort Worth 1944, writ ref'd). Absent an agreement to the contrary, it is presumed that a holdover tenant is liable for the rent for another period, if for one year or less, under the same terms as the original lease. *Barragan v. Munoz,* 525 S.W.2d 559 (Tex.Civ.App.—El Paso 1975, no writ); *Street-Whittington Co. v. Sayres,* 172 S.W. 772 (Tex.Civ.App.—Amarillo 1915, no writ). In this case, the original tenancy was from month-to-month, and hence, the Pylands are liable for $150, the monthly rent under the original lease.

Although the Pylands urge that their liability is negated by the jury's finding that they gave notice of their intent to vacate the premises, the jury's finding did not mention a particular vacation date. If the evidence supported the finding of a particular date, we could deem this issue found in support of the judgment under Rule 279 of the Texas Rules of Civil Procedure. *See National Resort Communities, Inc. v. Cain,* 512 S.W.2d 367 (Tex.Civ.App.—Austin 1974, no writ). However, the only evidence on this point is Pyland's statement that he intended to move "at the first of the year." Pyland insists that this phrase does not mean exactly on January 1, but only approximately on the first day of the year. As so interpreted, this statement is too vague to support a finding of *any* particular vacation date. Since there is no evidence to support an implied finding that the Pylands gave notice of their intent to vacate on any specific date, we must hold that their notice was insufficient to preclude liability for the January, 1974 rent.

Reversed and rendered.