Nikki JONES, Appellant,

v.

Patrick FALCON and E. Blaine Adams, Appellees.

No. A14–93–00523–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 31, 1994.

Rehearing Denied April 14, 1994.

**30**

Betty Clark, Robert A. Kouts, Houston, for appellant.

John Lohmann, III, Gregory L. Deans, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Nikki Jones, appeals a motion for instructed verdict in favor of appellees, Patrick Falcon and E. Blaine Adams. Appellant was a tenant in appellees' garage apartment and sued to recover her $250 security deposit. We reverse and remand.

Appellant asserts five points of error. First, the trial court erred in ruling that appellant had not carried her burden of proof by presenting sufficient evidence pursuant to Property Code §§ 92.103(a), (b) and 92.-107(a). Second, the trial court erred in thrusting onto appellant the landlord's burden of proof pursuant to Property Code § 92.109(c), regarding reasonableness of deductions. Third, the trial court erred in granting appellees' motion for instructed verdict on the basis that appellant presented no evidence that deductions were unreasonable, when appellant testified repeatedly that the deductions were unreasonable. Fourth, the trial court erred in denying appellant a record of proper motions permitted by T.R.C.P.

Fifth, the trial court erred in failing to admit evidence pertaining to attorney's fees incurred by appellant.

■ Under the Property Code, once a tenant provides a written statement of her forwarding address to her landlord, the landlord is required to refund the tenant's security deposit on or before the 30th day after the date the tenant surrenders the premises. Tex.Prop.Code Ann. §§ 92.107(a) and 92.-103(a) (Vernon 1984). If the landlord retains all or part of a security deposit, the landlord is to return to the tenant the balance of the security deposit, if any, and also provide a written description and itemized list of all deductions. Id. at § 92.104(a), (b), & (c). A landlord who fails to either return a security deposit or provide a written itemization of deductions on or before the 30th day after the tenant surrenders is presumed to have acted in bad faith. Id. at § 92.109(d) The effect of this presumption is to provide prima facie evidence of bad faith and place the burden on the landlord to show that the deductions were reasonable. Wilson v. O'Connor, 555 S.W.2d 776, 780 (Tex.App.—Dallas 1977, writ dism'd).

■ In reviewing an instructed verdict, an appellate court "must consider all of the evidence in the light most favorable to the party against whom the verdict was instructed, discarding all contrary evidence and inferences." Collora v. Navarro, 574 S.W.2d 65, 68 (Tex.1978); Hagans v. Woodruff, 830 S.W.2d 732, 737 (Tex.App.—Houston [14th Dist.] 1992, no writ). In doing so, the court must determine if material questions of fact are present on which reasonable minds could differ. Collora, 574 S.W.2d at 68. In this case, appellant testified that she provided appellees with a written statement of her forwarding address and that she did not receive either her security deposit or an itemization of the deductions. At that point, the burden shifted to appellees.

The lease signed by both parties indicated that appellant was responsible for all repair bills for less than $75. At trial, appellees introduced into evidence four checks for bills paid by them, each less than $75, and totalling $227.45. In addition, appellees argue that if appellant gave notice that she was to

move out on June 1st, then the month-to-month tenancy called for in the lease ended on June 1st. Absent an agreement to the contrary, appellant became a holdover tenant after June 1st and appellee could chose to treat her as a tenant under the original lease (month-to-month). *Turton v. Pyland*, 567 S.W.2d 247, 248 (Tex.Civ.App.—Dallas 1978, no writ). Under this theory, appellees contend that appellant was required to pay for the entire month of June as a holdover tenant. Appellant actually paid through June 25th, the date she moved out, leaving an alleged deficiency of $63.35.

Since appellees met their burden of showing reasonableness of the deductions, it was appellant's burden to show that a genuine issue of fact existed as to reasonableness. Appellant pointed out in her testimony that one of the checks appellees had written for a repair was dated December 22, 1986, a year and a half before she moved out. The other repair checks were dated December 9, 1987; January 21st, 1988; and June 9, 1988. Appellant testified, and appellees admitted, that no demand was ever made on appellant to pay these bills. Appellant also testified that one of the repairs was for a hole in the wall of the apartment that existed before she moved in. As to rent, appellant testified that when she did not move out by the June 1st date and appellees had not leased the apartment to anyone else, appellees allowed her extensions on her stay. She introduced into evidence three checks demonstrating payments for periodic extensions in June.

This evidence is sufficient to raise a question of fact as to the reasonableness of the deductions. Reasonable minds could differ as to whether it was reasonable for a landlord to deduct from a tenant's security deposit charges for repairs that were incurred up to a year and a half prior to the tenant's surrender, without any demand of payment. The reasonableness of charging a tenant for repairing a defect that existed before she moved in is also questionable. Finally, evidence of the extensions raises a fact question as to whether appellant and appellees entered into some other agreement as to June rent, precluding appellees from treating appellant as a holdover tenant. We,

therefore, sustain appellant's first through third points of error. Because of our disposition on points of error one through three, we need not address point of error four concerning the trial court's denial of a record of proper motions.

In her fifth point of error, appellant argues that the trial court erred in not permitting testimony regarding attorney's fees. This case was on a de novo appeal in the county court from the justice of the peace court. At the justice court, appellant was *pro se* and thus, did not plead for attorney's fees. On appeal to the county court, appellant hired an attorney who then pled for attorney's fees.

Appellees argue that under TEX.R.CIV.P. 574a, appellant is precluded from pleading attorney's fees in the county court because she did not plead for them in the justice court. Rule 574a reads in pertinent part:

> Either party may plead any new matter in the county or district court which was not presented in the court below, but *no new ground of recovery* shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant *which was not pleaded in the court below.*

*Id.* (emphasis added).

Some courts have held that attorney's fees are a "new ground of recovery" and therefore, if not pled in the justice court, they cannot be pled in the county court. *See Kramek v. Stewart*, 648 S.W.2d 399, 401–02 (Tex.App.—San Antonio 1983, no writ); *Hamby Co. v. Palmer*, 631 S.W.2d 589, 592 (Tex.App.—Amarillo 1982, no writ). We respectfully disagree with these courts and hold that, where attorney's fees are provided for in a statute, the specific statute prevails over the generality of Rule 574a. *See Mastermark Homebuilders v. Offenburger Constr.*, 857 S.W.2d 765, 767 (Tex.App.—Houston [14th Dist.] 1993, no writ). The Property Code provides that a landlord who in bad faith retains a security deposit is liable for reasonable attorney's fees in a suit to recover the deposit. TEX.PROP.CODE ANN. § 92.109(a) (Vernon 1984). Therefore, appellant was not required to plead for attorney's fees in the justice court in order to plead for them on a de novo appeal to the county

court. Appellant's fifth point of error is sustained.

Accordingly, the judgment of the trial court is reversed and remanded.