Lee RICHARD, Elda Richard, and Fire
Insurance Exchange, Appellants,

v.

Arbery TAYLOR d/b/a Taylor Air Condi-
tioning & Heating and Intercity Prod-
ucts Corporation, U.S.A., Appellees.

Nos. 09–93–263 CV, 09–93–281 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 15, 1994.

Decided Nov. 3, 1994.

Rehearing Overruled Nov. 22, 1994.

Marc Henry, Lewis & Henry, Beaumont, for appellants.

Jon B. Burmeister, Moore, Landry, Garth, Jones, Burmeister & Hulett, Beaumont, for appellees.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is a consolidated appeal of two cases arising out of the same transaction. Lee and Elda Richard sued Arbery Taylor for damages resulting from water leaking from a new central air conditioning unit installed by Taylor in the Richards' home. They originally filed suit in the Justice of the Peace Court of Jefferson County, Precinct 7, sitting as the Small Claims Court.[1] The Richards lost in small claims court and timely appealed to the County Court at Law No. 1.

Once the case was transferred to the County Court at Law, Taylor filed a third party petition bringing in Intercity Products Corporation, the manufacturer of the air conditioner.[2] The Richards hired counsel and

amended their suit to add Intercity as a defendant and alleging violation of the Texas Deceptive Trade Practices Act and violation of warranty. Fire Insurance Exchange joined this petition as a party plaintiff, alleging it was entitled to $11,434.33 it had paid on the Richards' homeowners policy. Fire Insurance also intervened separately on its subrogation claim. Taylor and Intercity responded with a motion to dismiss on the grounds that the county court at law had no jurisdiction because: 1) the plaintiffs' amended pleadings exceeded the jurisdictional limit of the justice court; 2) the plaintiffs added claims for attorneys fees, DTPA violations and breaches of warranty; and 3) Intercity was not a party in the small claims court and is therefore not a proper party on appeal to the county court at law. The trial court granted the motion to dismiss except as to the Richards' $2,500 claim against Taylor. That claim was tried to a jury, which found for the Richards in the amount of $2,500. The trial court entered judgment on the verdict.

The Richards and Fire Insurance refiled the dismissed claims in the county court at law, invoking the original jurisdiction of the court.[3] Taylor filed a motion for summary judgment on the pleadings, alleging 1) the action was barred under the two-year statute of limitations, and 2) because the claims could have been brought in the first litigation, the "instant suit is in contravention of the public policy of this state which is to avoid a multiplicity of suits." Intercity also filed a motion for summary judgment, alleging the plaintiffs' action was barred by the two-year statute of limitations. The Richards and Fire Insurance filed an amended petition which added a cause of action for breach of contract, and alleged that the heat pump had finally failed on May 16, 1993, and been replaced. The trial court granted the motions for summary judgment on the plaintiffs' pleadings. Taylor and Intercity also obtained summary judgments on limitations grounds against Fire Insurance on its inter-

1. This case was docketed as Cause No. 62685 in the trial court and is appealed in Cause No. 09–93–281 CV.

2. Taylor later non-suited.

3. Docketed under Cause No. 68246, this case is appealed in Cause No. 09–93–263 CV.

vention. This appeal from both cases followed.

The Richards and Intercity raise the following points of error:

Point of error one: The trial court erred in dismissing Appellants' claims for breach of warranty, breach of contract, misrepresentation, violations of the Deceptive Trade Practices Act, and for the cost of the heat pump installed by Appellees because these claims were within the original jurisdiction of the Court and as such, these claims should have been heard by the County Court at Law No. 1 along with the appeal from the Justice of the Peace Court for purposes of judicial economy and preserving the Court's time and resources.

Point of error two: The trial court erred in dismissing Appellants' claims for breach of warranty, breach of contract, misrepresentation, violations of the Deceptive Trade Practices Act, and for the cost of the heat pump installed by Appellees because these claims were clearly within the original jurisdiction of the Court and were severable from the claims asserted by way of appeal from the Justice of the Peace Court. Texas Rule of Civil Procedure 41 clearly states that misjoinder is not a basis for dismissal. The additional claims asserted by Appellants should have been severed and made the subject of a separate suit under a separate cause number with a separate judgment.

Point of error three: The trial court erred in granting summary judgment against Appellants, Lee and Elda Richard and Fire Insurance Exchange, because Appellants' claims for breach of contract, misrepresentation, violations of the Deceptive Trade Practices Act and breach of express and implied warranties were not barred by the Statute of Limitation because the sixty (60) day tolling period codified in the Texas Civil Practice and Remedies Code § 16.064 applied to those claims.

Point of error four: The trial court erred in granting summary judgment against Appellants, Lee and Elda Richard and Fire Insurance Exchange because Appellants' claims for breach of contract were not barred by the Statute of Limitation

because the four (4) year Statute of Limitation period in either the Texas Civil Practice and Remedies Code § 16.004 or the Texas Business and Commerce Code § 2.725 applied to Appellants' breach of contract claim.

Point of error five: The trial court erred in granting summary judgment against Appellants, Lee and Elda Richard and Fire Insurance Exchange, because Appellants' claims for breach of contract, misrepresentation, violations of the Deceptive Trade Practices Act and breach of express and implied warranties were not barred by principles of res judicata or estoppel pursuant to the Texas Civil Practice and Remedies Code § 31.005.

Point of error six: The trial court erred in granting summary judgment against Appellants, Lee and Elda Richard and Fire Insurance Exchange, because Appellants' claims for breach of contract, misrepresentation, violations of the Deceptive Trade Practices Act and breach of express and implied warranties were not barred by the Statute of Limitation or principles of res judicata because these claims were based upon events which took place prior (sic) to the Court's order of dismissal and Appellants' petition asserting these claims was filed during the applicable limitation period.

Taylor and Intercity raise the following cross-point:

Cross-point one: The trial court erred in entering judgment on behalf of appellants for the amount of $2,500.00 in Cause No. 62,685, for the following reasons:

A) There were no pleadings to support the submission of a breach of warranty claim that the air conditioning and heating unit was unfit for the ordinary purpose for which air conditioning and heating units are used;

B) There was no evidence presented that the air conditioning and heating unit was unfit for the ordinary purpose for which air conditioning and heating units are used;

C) There was no evidence of any defect in the condition of the air conditioning

and heating unit at the time it left the possession of the Defendant Taylor.

The small claims court had jurisdiction of the original suit, as it was a claim for $2,500 or less and not brought by an assignee or collection agent. TEX.GOV'T CODE ANN. § 28.003 (Vernon 1988) (amended 1991). Appeal was properly perfected to the County Court at Law for trial de novo. Once appeal was perfected in the county court at law, the original judgment of the small claims court became a nullity. *Advance Imports, Inc. v. Gibson Products Co.,* 533 S.W.2d 168 (Tex. Civ.App.—Dallas 1976, no writ). While new matters may be pleaded in the county court at law, no new grounds of recovery may be added. TEX.R.CIV.P. 574a. On appellate review, jurisdiction of the county court at law is dependent upon the jurisdiction of the small claims court. *Stanley v. Hicks,* 272 S.W.2d 917 (Tex.Civ.App.—Waco 1954, no writ). When the plaintiffs amended their suit to allege damages in excess of the jurisdictional limit of the small claims court, they took the case out of the jurisdiction of the county court at law. *Id.* at 919–920. We agree with appellees' contention regarding jurisdiction over the claim appealed from the small claims court. That claim was reduced to the jurisdictional amount without objection by appellees, so we will not address the trial court's decision to reduce the claim rather than dismiss the entire case.[4]

Fire Insurance interpleaded a claim which was not and could not be brought in the small claims court. The trial court should not have dismissed the claim; it should have severed it, as it could be brought in the county court at law and was not precluded by the small claims action. Likewise, Intercity was not a party in the small claims court and was not a proper party to the appeal; the proper action was to sever all of the claims against Intercity from the small claims appeal. Thus, the trial court erred in dismissing the Richards' suit against Intercity and Fire Exchange's suit against Taylor and Intercity. TEX.R.CIV.P. 41. All of these claims were within the original jurisdiction of the county court at law, but were improperly joined in the small claims appeal. These claims were refiled in trial cause no. 68246. As the trial court improperly dismissed these claims in the first place, we do not reach the issue of whether limitations had run at the time they were refiled. Points of error one and two are sustained. We decline to address points of error three through six.

Appellees' cross-point contends the trial court erred in submitting a jury question on the air conditioner's fitness for its ordinary intended purpose because there were no pleadings to support its submission. Actions in small claims court are instituted by filing of a sworn statement of the claim. The statement in this claim follows the statutory form. TEX.GOV'T CODE ANN. § 28.012 (Vernon 1988). No further pleadings are required on trial de novo. TEX.GOV'T CODE ANN. § 28.053 (Vernon 1988). The statement of the claim fairly apprised Taylor that the Richards were suing for damages to their personal papers caused by the leaking air conditioner.

Appellees also challenge the legal sufficiency of the evidence to support the jury's finding that the air conditioning and heating unit was unfit for the ordinary purpose for which air conditioning and heating units are used. Appellees also contend there is no evidence that there was a defect in the air conditioning and heating unit at the time it left Taylor's possession. Taylor installed the unit on August 1, 1989. The first water leak appeared on August 4. Taylor supposedly repaired the unit, but more leaks occurred August 7, August 18, September 12, and continually from March through the fil-

4. Appellees cite *Hamby Co. v. Palmer,* 631 S.W.2d 589 (Tex.App.—Amarillo 1982, no writ), for the proposition that the Richards are not entitled to attorney's fees in county court if they did not plead for them in small claims court. We believe the better rule is stated in *Jones v. Falcon,* 875 S.W.2d 29 (Tex.App.—Houston [14th Dist.] 1994, writ denied), which held that a specific statute providing for attorney's fees will prevail over the generality of Rule 574a. In any event, appellants could not recover attorney's fees in their small claims suit because they did not present the failure to award attorney's fees as a separate point of error. We also note that statutory attorney's fees are included in the amount in controversy. *Reserve Life Ins. Co. v. Shelton,* 415 S.W.2d 281 (Tex.Civ.App.—Austin 1967, writ dismissed).

ing of the suit in July 1990. Leaks from the unit flooded the entire back section of their house. On cross-examination Lee Richard testified that Arbery Taylor told him "the cause of the unit was the air conditioner itself." Appellees argue: "... expert testimony was almost required in order to meet the burden of proving that the heat pump was defective when Taylor installed it...." We disagree. Mr. Richard's lay testimony comprised more than a scintilla of evidence that the air conditioner was not suitable for its intended purpose and was in fact defective at the time of installation. The cross-point is overruled.

We affirm the judgment appealed in No. 09–93–281 CV. We reverse the judgment appealed in No. 09–93–263 CV, and remand the cause to the trial court with instructions to docket the case as cause no. 62685–A, the date of filing of the cause of action to relate back to the date the claims were originally brought in the court below. TEX.R.APP.P. 81(b)(1).

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.