Affirmed and Memorandum Opinion filed January 6, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00752-CV



 

Mack Adedipe, Appellant

V.

Guardian Transfer &
Storage, Inc., Appellee

 



On Appeal from the County Civil
Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 958624



 

MEMORANDUM  OPINION

 

Appellant appeals the trial court’s dismissal of his
appeal from justice court for want of jurisdiction.  In three issues, appellant
contends the appellee failed to comply with the Texas Property Code arising out
of an eviction procedure initiated by appellee.  We affirm.

Background

Appellant stored personal property in appellee’s
storage facility.  Because appellant failed to pay storage fees, appellee
notified appellant that it had acquired a warehouseman’s lien pursuant to
section 24.0062 of the Texas Property Code.  Appellee gave appellant notice of
its lien and intent to sell his personal property.  Prior to appellant’s suit,
appellee sold the property at public auction.  Appellant filed suit in justice
court seeking $10,000 in damages alleging that appellee violated section
24.0062(e) of the Property Code.  After unsuccessful mediation, the justice
court rendered a take-nothing judgment in favor of appellee.

Appellant attempted to appeal the justice court’s
judgment to the County Civil Court at Law.  In his appeal bond, appellant
listed the amount of damages as $10,000.  However, appellant also listed an
additional $15,000 with the notation, “Amount not added to damages because of
JP court suing amount limit.”  On July 6, 2010, the county court dismissed
appellant’s appeal for want of jurisdiction because the appellant sought
damages in excess of the jurisdictional limits of the justice court.

Appellant’s
Issues on Appeal

On appeal to this court, appellant attempts to
challenge the justice court’s judgment by asserting the following issues:

Ø 
Failure of the appellee to provide the status/condition of the
property to appellant for inspection as stipulated by the Texas Property code.

Ø 
Failure of the appellee to allow fair and reasonable payment
amount to the moving and storage of the redeemed property as stipulated by the
Texas Property code

Ø 
Failure of appellee for not informing the appellant before the
sale of the property as stipulated by the Texas Property code.

 

Subject
Matter Jurisdiction of County Court at Law

This court has limited jurisdiction over appeals from
county courts in eviction matters.  See generally Tex. Prop. Code Ann. §
24.007.  This court may, however, review a county court at law’s subject matter
jurisdiction.  See Rice v. Pinney, 51 S.W.3d 705, 708 (Tex. App.—Dallas
2001, no pet.).  

The justice court had jurisdiction of the original
suit, because the claim did not exceed $10,000.  Tex.Gov’t Code Ann. § 27.031.  Appeal
was properly perfected to the county court at law for trial de novo.  While new
matters may be pleaded in the county court at law, no new grounds of recovery
may be added.  Tex. R. Civ. P. 574a.  On appellate review, jurisdiction of the
county court at law is dependent on the jurisdiction of the justice court.  Stanley
v. Hicks, 272 S.W.2d 917, 919 (Tex. Civ. App.—Waco 1954, no writ).  

The appellate jurisdiction of a statutory county
court is confined to the jurisdictional limits of the justice court, and the
county court has no jurisdiction over an appeal unless the justice court had
jurisdiction.  Rice, 51 S.W.3d at 708; Goggins v. Leo, 849
S.W.2d 373, 375 (Tex. App.—Houston [14th Dist.] 1993, no writ).  When appellant
amended his suit and alleged damages in excess of the jurisdictional limit prescribed
for the justice court, he removed the case from the jurisdiction of the county
court at law. Stanley 272 S.W.2d at 919–20.  The county court at law
lacked subject matter jurisdiction because the justice court did not have
jurisdiction over the allegations in appellant’s amended petition in which he claimed
$25,000 in damages. The trial court’s judgment of dismissal is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Jamison.