**TRIPLE T INNS OF TEXAS, INC., Appellant,**

v.

**Cliff ROBERTS, Appellee.**

No. 07–90–0285–CV.

Court of Appeals of Texas, Amarillo.

Dec. 13, 1990.

Rehearing Overruled Jan. 10, 1991.

Keith R. Jones, Amarillo, for appellant.

Hinkle, Cox, Eaton, Coffielld & Hensley, Karen M. Richardson and Betty H. Little, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

The question presented in this cause is whether a justice of the peace may instruct a jury verdict in a forcible entry and detainer case. On October 3, 1990, in such a case, appellee the Honorable Cliff Roberts, Justice of the Peace, Precinct 1, Place 1, Potter County, instructed a jury to find against appellant Triple T Inns of Texas and in favor of Carl L. Jelso et al (Jelso). In this proceeding, appellant sought from the trial court a writ of mandamus requiring appellee to set aside the judgment, set the cause for jury trial, and submit it for jury decision. The district court refused to grant the writ, giving rise to this appeal. We affirm the decision of the trial court.

Because of the nature of the case, appellant has requested us to accelerate this appeal, and appellee does not contest that motion. The motion is granted.

In two points of error, appellant contends the trial court erred and abused its discre-

tion in refusing mandamus. While acknowledging that other judges such as district and county court-at-law judges have the authority to direct a jury verdict, appellant argues that justices of the peace have no such authority.

The authority for, and procedures governing, forcible entry and detainer suits are contained in the Texas Property Code §§ 24.001–24.011 (Vernon Supp.1991), and the Texas Rules of Civil Procedure 738–755 (Vernon 1967 & Vernon Supp.1990).[1] Rule 744 provides that any party shall have the right of trial by jury; Rule 746 provides that in a forcible entry and detainer case, the only issue shall be the right to actual possession; and Rule 747 provides that after being sworn and hearing the evidence, "it (the jury) shall return its verdict in favor of the plaintiff or the defendant as it shall find." Rule 748 provides, "If the judgment or verdict be in favor of the plaintiff, the justice shall give judgment for possession of the premises, costs, and damages; and he shall award his writ of possession. If the judgment or verdict be in favor of the defendant, the justice shall give judgment for defendant against the plaintiff for costs and any damages."

Rule 556, referring to procedures in Justice Courts, provides, "Where the case has been tried by a jury and a verdict has been returned by them, the justice shall announce the same in open court and note it in his docket, and shall proceed to render judgment thereon." Rule 523, also referring to procedures in Justice Courts, provides, "All rules governing the district and county courts shall also govern the justice courts, insofar as they can be applied, except where otherwise specifically provided by law or these rules."

In argument, appellant recites the above rule litany and also points out Rules 268, 300, and 301, which authorize the granting of a directed verdict in county and district courts. Noting that the rules governing the trial of a forcible entry and detainer suit specifically authorize a jury trial but

do not specifically authorize instructed verdicts, appellant concludes that the "clear wording of the rules applicable to forcible detainer actions in justice court shows that neither a motion for directed verdict nor a judgment non obstante veredicto is authorized by the special rules applicable to justice courts in a forcible detainer action." Therefore, appellant posits, the "except where otherwise specifically provided by law or these rules" portion of Rule 523 prevents application of the rules permitting directed verdicts in county and district courts to justice court proceedings.

There is a paucity of authority on this question. Indeed, we have been cited to no direct authority, and, after independent research, we have found no such authority. Appellant argues that in entering an instructed verdict without being specifically authorized to do so, appellee deprived it of its constitutional right to a jury trial, giving rise to a concomitant affirmative presumption of harmful error.

In support of his position that a justice of the peace lacks the authority possessed by other judges to grant directed verdicts, appellant advances two basic propositions. First, it says, a justice court is not a court of record, and to allow the direction of a verdict would be to subject a litigant to an unreviewable discretionary act on the part of the justice which has the effect of denying a litigant his right to a jury trial. Second, appellant justifies the distinction by suggesting that a justice of the peace is not required to be an attorney and untrained in the fine points of law dealing with the existence or non-existence of legal evidence. We disagree with both of these arguments.

Appellant acknowledges the right of a litigant to appeal the decision of the justice to the county court for a trial *de novo* which, of course, would include the right, if desired, to a second jury trial with all the panoply of rights incident to such a trial. Parenthetically, a litigant's right to such an appeal is absolute, limited only by the re-

---

**1.** References later made to rule numbers are to those rules of the Texas Rules of Civil Proce-       dure.

quirement that he comply with the applicable provisions of Rules 749, 749a, 749b, 749c, and 750. Those rules also recognize and explicate the manner and method by which a pauper can effectuate an appeal. This right to an appeal and trial *de novo* not only amply protects a litigant's right to jury trial but also provides sufficient opportunity for review of any rulings by the justice of the peace.

The fact that a justice of the peace, in the absence of a jury request, may, by bench trial, try not only forcible entry and detainer suits but numerous other types of disputes militates against any argument of a lack of confidence on the part of the law makers *per se* in the generic ability of justices of the peace to try and resolve disputes which may involve nuances in the law.

The fact that the rules pertaining to the trial of cases such as the instant one are specific in other areas without specifically denying the justice the right to instruct a verdict leads us to conclude that proper application of Rule 565 gives the justice the same right to instruct a verdict possessed by county and district judges. For the reasons expressed above, such an action in no way restricts or denies a litigant his right to jury trial.

Accordingly, we affirm the action of the trial court denying appellant his writ of mandamus.