Opinion Issued October 4, 2007
















Opinion
Issued October 4, 2007

 

 

 

 

 








 










 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00963-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MICHAEL WHITMIRE, Appellant

 

V.

 

GREENRIDGE PLACE APARTMENTS, Appellee

 

 



On Appeal from County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 864701

 








 



M E M O R A N D U M 
O P I N I O N

 

Michael Whitmire appeals a judgment
in favor of Greenridge Place Apartments (Greenridge) in this forcible entry and
detainer case, awarding Greenridge possession, $850 in unpaid rent, and $850 in
attorney’s fees.  Whitmire contends that
(1) Greenridge failed to present sufficient evidence that it personally served
him, (2) the county court erred in denying his motion for a directed verdict as
to the existence of a valid lease and damages, (3) Greenridge failed to present
sufficient evidence to support the county court’s award of attorney’s fees, and
(4) the county court abused its discretion in setting the supersedeas bond and
in modifying the bond after the expiration of the
court’s plenary power.  We
conclude that (1) Whitmire’s appearance waives any complaint regarding defects
in service, (2) the evidence is legally sufficient to support the both county
court’s finding that a landlord-tenant relationship existed between Greenridge
and Whitmire and its award of damages to Greenridge for unpaid rent, (3) the evidence is legally and factually sufficient to support the attorney’s
fees award, and (4) under Texas Property Code 24.007, the county court did not abuse its
discretion in setting or modifying the supersedeas bond.  We therefore affirm.  

Background

          Greenridge
is a residential apartment complex in west Houston. 
Greenridge leased an apartment to Whitmire from July 1, 2005 until March
31, 2006.  On March 28, 2006, Whitmire
and Greenridge renewed the lease for the term of April 1, 2006 until January
31, 2007.  According to both leases,
Whitmire was obligated to pay rent of $850 on the first day of each month.

          Whitmire
failed to pay rent for April 2006, so Greenridge notified Whitmire that he must
vacate his apartment.  When Whitmire
failed to comply, Greenridge filed a forcible entry and detainer action in a Harris County Justice of the Peace Court
and obtained a default judgment.  See Tex.
Prop. Code Ann. § 24.004 (Vernon 2000) (“A
justice court in the precinct in which the real property is located has
jurisdiction in eviction suits.  Eviction
suits include forcible entry and detainer and forcible detainer suits.”).  Whitmire appealed, seeking a trial de novo in
County Civil Court
at Law No. 4.  See Tex. R. Civ. P.
574b, 749.  After a bench trial, the
county court entered a judgment in favor of Greenridge.  The court awarded Greenridge possession of
the leased premises, $850 in damages for back rent, and $850 in attorney’s
fees.  The court also set Whitmire’s
supersedeas bond at $10,000.   Whitmire
has remained in possession of the apartment during the pendency of these
proceedings.

Legal and Factual Sufficiency

A.  Standard of Review

In an appeal from a bench trial, a trial court’s
findings of fact have the same weight as a jury’s verdict.  Amador v. Berrospe, 961 S.W.2d 205, 207 (Tex.
App.—Houston [1st Dist.] 1996, writ denied). 
If a reporter’s record exists, the trial court’s findings of fact are
binding only if supported by the evidence. 
Id.  If the findings are challenged, we review the
sufficiency of the evidence supporting the findings by applying the same
standards that we use in reviewing the legal or factual sufficiency of the
evidence supporting jury findings.  Catalina
v. Blasdel, 881 S.W.2d 295,
297 (Tex.
1994).  We review de novo a trial court’s
conclusions of law and uphold them on appeal if the judgment can be sustained
on any legal theory supported by the evidence. 
BMC Software Belg. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002); In re Moers, 104 S.W.3d 609, 611 (Tex. App.—Houston
[1st Dist.] 2003, no pet.).

The test for legal sufficiency is
“whether the evidence at trial would enable reasonable and fair-minded people
to reach the verdict under review.”  City
of Keller
v. Wilson, 168 S.W.3d 802, 827 (Tex.
2005).  In making this determination, we
credit favorable evidence if a reasonable fact-finder could, and disregard
contrary evidence unless a reasonable fact-finder could not.  Id.  So long as the evidence falls within the zone
of reasonable disagreement, we may not substitute our judgment for that of the
fact-finder.  Id.
at 822.  The fact-finder is the sole
judge of the credibility of the witnesses and the weight to give their
testimony.  Id.
at 819.  Although we consider the
evidence in a light most favorable to the challenged findings, indulging every
reasonable inference that supports them, we may not disregard evidence that
allows only one inference.  Id.
at 822.

In reviewing a factual sufficiency challenge, we
consider and weigh all of the evidence and set aside the finding only if the
evidence is so weak as to make the finding clearly wrong and manifestly
unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986).  In reviewing a factual sufficiency point, we
consider all the evidence supporting and contradicting the finding.  Plas-Tex,
Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex.
1989).  The fact-finder is the sole judge of the credibility of the
witnesses and the weight to give their testimony, and may choose to believe one
witness and disbelieve another.  City of Keller, 168 S.W.3d at 819; Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex.
2003).

B.  Forcible Entry and
Detainer

“An action for forcible detainer
is intended to be a speedy, simple, and inexpensive means to obtain immediate
possession of property.”  Marshall v.
Hous. Auth. of City of San
 Antonio, 198 S.W.3d 782, 787 (Tex.
2006).  “A person commits a forcible
entry and detainer if the person enters the real property of another without
legal authority or by force and refuses to surrender possession on demand.”  Tex.
Prop. Code Ann. § 24.001(a) (Vernon 2000).  

A person who refuses to surrender possession of real property on
demand commits a forcible detainer if the person:

 

(1) is a tenant or a subtenant wilfully
and without force holding over after the termination of the tenant’s right of
possession;

(2) is a tenant at will or by sufferance,
including an occupant at the time of foreclosure of a lien superior to the
tenant’s lease; or

(3) is a tenant of a person who acquired
possession by forcible entry.

 

Tex. Prop. Code Ann. § 24.002(a) (Vernon 2000).  The only issue decided in a forcible detainer
action is which party has the right to immediate possession of the property.  Tex.
R. Civ. P. 746; Dass, Inc. v. Smith, 206 S.W.3d
197, 200 (Tex.
App.—Dallas 2006, no pet.); Rice v. Pinney, 51 S.W.3d 705, 709
(Tex.
App.—Dallas 2001, no pet.).  A forcible detainer action is dependent on
proof of a landlord-tenant relationship. 
Rice, 51 S.W.3d
at 712; Haith v. Drake,
596 S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref’d
n.r.e.).  “To prevail in a
forcible detainer action, a plaintiff is not required to prove title, but is
only required to show sufficient evidence of ownership to demonstrate a
superior right to immediate possession.”  Rice, 51 S.W.3d at 709; Goggins
v. Leo, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no
writ).  

A suit for rent may be
joined with an action for forcible detainer, as long as the claim for rent
falls within the justice court’s jurisdiction. 
Tex. R. Civ. P. 738.  Additionally, in a trial de novo on appeal to
the county court, “the appellant or appellee shall be permitted to plead, prove
and recover his damages, if any, suffered for withholding or defending
possession of the premises during the pendency of the appeal,” although only
the party prevailing in the county court may recover these damages.  Tex.
R. Civ. P. 752; Hong Kong Dev., Inc. v. Nguyen, 229
S.W.3d 415, 434 (Tex. App.—Houston
[1st Dist.] 2007, no pet. h.). “Such damages include, but are not limited to,
loss of rents during the appeal’s pendency and reasonable attorney’s fees in
the justice and county courts . . . .”  Id.; see also Tex. R. Civ. P. 752.

C. 
Personal Service

          In
his first issue, Whitmire contends that Greenridge failed to present sufficient
evidence that it personally served him a citation to appear.  Greenridge responds that Whitmire waived any
defect in service by appealing the default judgment of the justice court in the
county court.

          “[P]erfection
of an appeal to county court from a justice court for trial de novo vacates
and annuls the judgment of the justice court.”  Villalon
v. Bank One, 176 S.W.3d 66, 69–70 (Tex. App.—Houston
[1st Dist.] 2004, pet. denied); see also
Tex. R. Civ. P. 574b; In re Garza, 990 S.W.2d 372, 374
(Tex. App.—Corpus Christi 1999, orig. proceeding); Richard v. Taylor,
886 S.W.2d 848, 851 (Tex. App.—Beaumont 1994, writ denied).  Additionally, a defendant waives any defect
in service by filing an answer.  See Tex.
R. Civ. P. 121 (“An answer shall constitute an appearance of the
defendant so as to dispense with the necessity for the issuance or service of
citation upon him.”); Burrow v. Arce, 997 S.W.2d 229, 246
(Tex. 1999) (“The filing of an answer dispenses with the
necessity of service of citation.”); Dawson-Austin v. Austin, 968 S.W.2d 319, 322 (Tex. 1998); In re $475,001.16, 96 S.W.3d 625,
628–29 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  

          Here,
Whitmire appealed the default judgment of the justice court and answered
Greenridge’s petition in the county court. 
Whitmire’s appeal and answer to Greenridge’s petition constitutes an
appearance, and he therefore waived any complaint regarding defects in service
of process.  See Tex. R. Civ. P. 121; Burrow, 997 S.W.2d at 246; Dawson-Austin, 968 S.W.2d at 322; In re $475,001.16, 96 S.W.3d at
628–29.  

D. 
Directed Verdict

In his second issue, Whitmire
contends the county court erred in denying his motion for a directed
verdict.  Whitmire, however, waived his
motion for directed verdict by introducing his own evidence after Greenridge
rested, and in failing to reurge the motion at the close of all of the evidence.  See
Cliffs
Drilling Co. v. Burrows, 930 S.W.2d
709, 712 (Tex. App.—Houston [1st Dist.] 1996, no writ); Bryan v.
Dockery, 788 S.W.2d
447, 449 (Tex. App.—Houston [1st Dist.] 1990, no writ).  We address this issue as a challenge to the
legal sufficiency of the evidence because an appellant is not required to
preserve a legal sufficiency challenge after a bench trial.  See
Tex. R. App. P. 33.1(d)(“In a
nonjury case, a complaint regarding the legal or factual sufficiency of the
evidence . . . may be made for the first time on appeal in the complaining
party’s brief.”); Monk v. Pomberg, No. 01-05-00429-CV, 2007 WL 926491, at *8 (Tex. App.—Houston [1st
Dist.] Mar. 29, 2007, no pet.); see also City of Keller, 168 S.W.3d at 823, 827
(holding that a challenge on appeal to denial of motion for
directed verdict is challenge to legal sufficiency of evidence).  

1.  Landlord-Tenant Relationship

Whitmire first contends that the
evidence is legally insufficient to support the county court’s finding that a
landlord-tenant relationship existed between Whitmire and Greenridge because
Greenridge did not admit the April 2006 lease into evidence before resting its
case.  We
consider, however, all of the evidence offered at trial to determine whether
the evidence is legally sufficient.  See Natural Gas Clearinghouse v. Midgard Energy
Co., 113 S.W.3d 400, 411–12 (Tex. App.—Amarillo 2003, pet. denied).

Greenridge admitted the April 2006
lease into evidence during its rebuttal case. 
Whitmire and a representative of Greenridge signed the lease.  The lease required Whitmire to make a rental
payment of $850 on April 1, 2006.  The
evidence is therefore legally sufficient to support the county court’s finding
that a landlord-tenant relationship existed between Greenridge and Whitmire.  See
City of Keller, 168
S.W.3d at 827; see also Tex. Prop. Code Ann. § 24.002(a)(1).


          2. 
Damages for Unpaid Rent

          Whitmire
also contends that the evidence is legally insufficient to support the county
court’s award of $850 in damages to Greenridge for unpaid rent.  At trial, Greenridge admitted the April 2006
lease, which required Whitmire to make a rent payment of $850 on April 1,
2006.  Christy Wagner, a representative
of Greenridge, testified that Whitmire failed to pay rent for April 2006.  Whitmire testified that he did not tender the
April 1, 2006 rent payment until April 24. 
In accordance with the lease, Greenridge rejected the payment and
demanded that Whitmire vacate his apartment. 
We hold that the evidence presented would enable a reasonable
and fair-minded trial judge to find that Whitmire owed Greenridge $850 in rent
for April 2006.  See City of Keller, 168 S.W.3d at 827.  The evidence is therefore legally sufficient
to support the county court’s award of $850 in damages to Greenridge for unpaid
rent.  See id.

E.  Attorney’s Fees

          In
his third issue, Whitmire contends that the evidence is legally and factually
insufficient to support the county court’s award of $850 in attorney’s fees to
Greenridge.   See Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex.
1998); Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 12 (Tex.
1991).

          Texas
Property Code section 24.006 authorizes a landlord who prevails in a forcible
detainer action to recover reasonable attorney’s fees from the tenant.  Tex.
Prop. Code Ann. § 24.006(b) (Vernon 2000) (“If
the landlord provides the tenant notice under Subsection (a) or if a written
lease entitles the landlord to recover attorney’s fees, a prevailing landlord
is entitled to recover reasonable attorney’s fees from the tenant.”);[1] see also Tex. R. Civ. P. 752. 
We review an award of attorney’s fees under an abuse of discretion
standard.  See Bocquet, 972 S.W.2d at 21.  A
trial court abuses its discretion in awarding attorney’s fees if it acts arbitrarily, unreasonably, or without regard to guiding
legal principles, or if its decision is not supported by legally or factually
sufficient evidence.  Id.; Charette v. Fitzgerald, 213 S.W.3d
505, 512 (Tex. App.—Houston [14th Dist.] 2006, no pet.); see also Volume Millwork, Inc. v. W. Houston Airport
Corp., 218 S.W.3d 722, 735 (Tex. App.—Houston [1st Dist.] 2006, pet.
denied) (“The reasonableness of an attorney’s fee award generally presents a
question of fact.”).  

An award of attorney’s fees must be
supported by evidence that the fees were both reasonable and necessary.  See Bocquet, 972 S.W.2d
at 21; Sterling, 822 S.W.2d at 10. 
Factors a trial court considers in determining the reasonableness of
attorney’s fees include: (1) the time and labor
required, the novelty and difficulty of the questions involved, and the skill
required to perform the legal service properly; (2) the likelihood that the
acceptance of the particular employment will preclude other employment by the
lawyer; (3) the fee customarily charged in the locality for similar legal
services; (4) the amount involved and the results obtained; (5) the time
limitations imposed by the client or by the circumstances; (6) the nature and
length of the professional relationship with the client; (7) the experience,
reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent upon results obtained or uncertainty
of collection before the legal services have been rendered.  See
Hoover
Slovacek LLP v. Walton, 206 S.W.3d 557, 561 n.7 (Tex. 2006); Arthur
Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex.
1997).  

          Greenridge’s attorney, Magnus Rayos, testified that he has
been practicing law since 2005 and is familiar with reasonable and necessary
attorney’s fees pertaining to forcible detainer actions in Harris County,
Texas.  Rayos testified that in this
case, attorney’s fees of $850 were reasonable and necessary based upon his work
in preparing testimony and attending trial.  Rayos’s testimony was undisputed, and
Whitmire declined to cross-examine Rayos.  See Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 882 (Tex.
1990); Lofton v. Texas Brine Corp., 777 S.W.2d 384, 386 (Tex. 1989).  We hold that the
evidence Greenridge presented on attorney’s fees would enable reasonable
and fair-minded people to find that attorney’s fees of $850 were reasonable and
necessary.  See City of Keller, 168 S.W.3d at 827.  We also hold that the evidence supporting the
county court’s award of attorney’s fees was not so weak as to make the court’s
finding clearly wrong and manifestly unjust. 
See Cain, 709 S.W.2d at 176.  Greenridge
therefore presented legally and factually sufficient evidence to support the
county court’s award of attorney’s fees. 
See City of Keller, 168 S.W.3d at 827; Cain, 709 S.W.2d at 176; see also Ragsdale, 801 S.W.2d at 882
(holding that evidence was sufficient to support trial court’s award of
attorney’s fees); Volume Millwork, Inc., 218 S.W.3d at 735–36 (same). 

Supersedeas Bond

In his fourth issue, Whitmire
contends the county court abused its discretion 

in setting the supersedeas bond at
$10,000.[2]  

A.  Excessive Bond

Whitmire first contends that the
$10,000 supersedeas bond is unreasonably high. 
Greenridge responds that the amount of the supersedeas bond is proper
because the Texas Property Code expressly permits a trial court to consider the
value of rent likely to accrue during the appeal of a forcible detainer case in
setting the amount of a supersedeas bond. 
See Tex. Prop. Code Ann. § 24.007 (Vernon 2000).  We note that Whitmire has remained in
possession of the property since the judgment was signed on July 13, 2006.

We review the trial court’s rulings
concerning the amount and type of bond required and the sufficiency of the
sureties under an abuse of discretion standard. 
See Tex. R. App. P. 24.4; Miller v. Kennedy & Minshew,
Prof’l Corp., 80 S.W.3d
161, 165 (Tex.
App.—Fort Worth 2002, no pet.).  The
test for whether a trial court 

abused its discretion is whether the court acted arbitrarily or unreasonably in light of all the
circumstances of the case.  McDaniel
v. Yarbrough, 898 S.W.2d
251, 




253 (Tex. 1995); Lewis v. W.
Waste Indus., 950 S.W.2d
407, 410 (Tex. App.—Houston [1st
Dist.] 1997, no writ).

Texas Property Code section 24.007 provides:

A judgment of a county court may not under any circumstances be
stayed pending appeal unless, within 10 days of the signing of the judgment,
the appellant files a supersedeas bond in an amount set by the county
court.  In setting the supersedeas bond
the county court shall provide protection for the appellee to the same extent
as in any other appeal, taking into consideration the value of rents likely to
accrue during appeal, damages which may occur as a result of the stay during
appeal, and other damages or amounts as the court may deem appropriate.

 

Tex. Prop.
Code Ann. § 24.007.  Texas Rule of
Appellate Procedure 24.2 provides: 

When the judgment is for the recovery of
an interest in real or personal property, the trial court will determine the
type of security that the judgment debtor must post.  The amount of that security must be at least:


(A) the value of the property interest’s
rent or revenue, if the property interest is real; or 

(B) the value of the property interest on
the date when the court rendered judgment, if the property interest is
personal.

 

Tex. R. App. P. 24.2(a)(2). 


          The record contains evidence that Whitmire intended to
occupy the apartment during the appeal of this case and no evidence that
Whitmire has vacated the apartment.  Both
leases admitted at trial require Whitmire to pay rent of $850 per month for the
apartment.  The Texas Property Code and
the Rules of Appellate Procedure both required the county court to consider the
value of rents likely to
accrue during the appeal in setting the amount of the supersedeas bond.  See
Tex. Prop. Code Ann. § 24.007; Tex. R. App. P.
24.2(a)(2).  Whitmire did not seek to
reduce the bond based on his net worth, or produce evidence of his net worth in
connection with seeking a reduction in the bond.  Accordingly, we find that the county court
acted within its discretion in setting the supersedeas bond at $10,000.[3]  See
McCartney v. Cal. Mortgage Serv., 951
S.W.2d 549, 550 (Tex. App.—El Paso 1997, no pet.) (holding that
trial court did not abuse its discretion in setting supersedeas bond at $19,000
considering value of rents accrued during appeal).

B.  County Court’s Registry

          Whitmire
also contends that the county court abused its discretion in setting the supersedeas bond at $10,000
because the court’s registry contained over $4000 cash paid by Whitmire in
accordance with Texas Rule of Civil Procedure 749b.  See
Tex. R. Civ. P. 749b.  Greenridge responds that the trial count
properly disregarded the cash in its registry in setting the amount of the
supersedeas bond because the cash in the registry was for past rents that had
already accrued by the time the court set the supersedeas bond.

In a forcible detainer case, either party may
appeal the justice court’s judgment to the county court by filing an appeal
bond or a pauper’s affidavit.  Tex. R. Civ. P. 749, 749a.  In a nonpayment of rent forcible detainer
case, a tenant who has appealed by filing a pauper’s affidavit pursuant to Rule
749a is entitled to remain in possession of the premises during the pendency of the appeal to
the county court if the tenant follows the procedures set out in Rule
749b.  Tex.
R. Civ. P. 749b.  According to
Rule 749b, the tenant must first pay one rental period’s rent into the justice
court’s registry within five days of filing the pauper’s affidavit.  Tex.
R. Civ. P. 749b(1).  Second,
during the appellate process, as the rent becomes due under the rental
agreement, the tenant must pay the rent into the county court’s registry within
five days of the date rent is due under the terms of the rental agreement.  Tex.
R. Civ. P. 749b(2).  If the tenant
fails to timely pay the rent into the county court’s registry, the landlord may
file a notice of default in the county court.  Tex. R. Civ. P. 749b(3).  If the landlord shows that the tenant
defaulted under the rule, the court must issue a writ of restitution.  Id.

The procedures set forth
in Rule 749b are designed to protect a landlord during the pendency of a
forcible detainer appeal from the justice court to the county court.  See
Tex. R. Civ. P. 749, 749a, 749b; Kennedy
v. Highland Hills Apartments, 905 S.W.2d 325,
327 (Tex.
App.—Dallas 1995, no writ); Triple T Inns of Tex., Inc. v.
Roberts, 800 S.W.2d 681, 682–83 (Tex. App.—Amarillo 1990,
writ denied).  In contrast, Texas
Property Code section 24.007 protects a landlord during the
pendency of a forcible detainer appeal from the county court to the court of
appeals.  See Tex. Prop. Code Ann. § 24.007.  

The county court, therefore, did not
abuse its discretion in not deducting the cash paid by Whitmire into its
registry in setting the amount of the supersedeas bond because the cash in the
registry was for past rents that had accrued at the time the court set the
supersedeas bond.  See id.;
Tex. R. Civ. P. 749, 749a, 749b.  

Plenary Power

In his fifth issue, Whitmire contends that the
county court erred in increasing the supersedeas bond to $15,000 after the
expiration of its plenary power.  See Tex.
R. Civ. P. 329b(c)–(g).  Texas
Rule of Appellate Procedure 24.3(a), however, expressly provides that “[e]ven after the trial
court’s plenary power expires, the trial court has continuing jurisdiction to
do the following: (1) order the amount and type of security and decide the
sufficiency of sureties; and (2) if circumstances change, modify the amount or
type of security required to continue the suspension of a judgment’s
execution.”  Tex. R. App. P. 24.3(a). 
Greenridge requested the trial court to increase the supersedeas bond to
$15,000 because the appellate process was taking longer than anticipated and
Whitmire remained in possession of the apartment.  The county court therefore had the authority
to modify the amount of the supersedeas bond after the expiration of its plenary
power.  See id.; see also Miller, 80 S.W.3d at 164; Hamilton
v. Hi-Plains Truck Brokers, Inc.,
23
S.W.3d 442, 443 (Tex. App.—Amarillo 2000, no pet.).[4]  

Conclusion

          We
hold that (1) Whitmire waived any complaint regarding defects in service, (2)
the evidence is legally sufficient to support both the county court’s finding
that a landlord-tenant relationship existed between Greenridge and Whitmire and
its award of damages to Greenridge for unpaid rent, (3) the evidence
is legally and factually sufficient to support the award of attorney’s fees, and (4) the county court did not abuse its
discretion in setting and modifying the 




supersedeas bond.  We therefore affirm the judgment of the trial
court.  

 

 

                                                                             Jane Bland

                                                                             Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

 

 











[1] In this case, Greenridge provided Whitmire with the
statutory notice prescribed in Texas Property Code section 24.006(a), and the
lease contract provides for the recovery of attorney’s fees in the event of a
breach.  See Tex. Prop. Code Ann. § 24.006(a)–(b)
(Vernon 2000).





[2] The
proper method to seek review of a trial court’s determination of the amount of
a supersedeas bond is to file a motion in the court of appeals under Texas Rule
of Appellate Procedure 24.4(a).  See Tex.
R. App. P. 24.4(a); City of Fort Worth
v. Johnson, 71 S.W.3d 470, 471 (Tex. App.—Waco 2002, no pet.).  We therefore construe Whitmire’s appeal of
the county court’s determination of the amount of the supersedeas bond as a
Rule 24.4 motion.  See Johnson,
71 S.W.3d at
471 (“For the purposes of
review . . . we consider Johnson’s notice of appeal and brief as a motion under
Rule 24.”); see also Tex. R. App. P. 38.9 (requiring
briefing rules to be construed liberally);
Tex. Mexican
Ry. Co. v. Bouchet,
963 S.W.2d 52, 54 (Tex. 1998) (“Courts should
liberally construe briefing rules.”); Anderson v. Gilbert, 897 S.W.2d 783, 784 (Tex. 1995) (“Courts are
to construe rules on briefing liberally.”).





[3] A
supersedeas bond is intended to indemnify the judgment creditor from losses
caused by delay of appeal.  Muniz v.
Vasquez, 797 S.W.2d 147,
150 (Tex. App.—Houston [14th Dist.] 1990, no writ); see also Tex. R. App. P. 24.1(e) (“The trial court may make any order necessary to adequately protect
the judgment creditor against loss or damage that the appeal might cause.”).  When, as here, the supersedeas bond covers items such as rentals,
which accrue while the case is on appeal, the damages cannot be determined in
an appellate court.  See Baxter v. Gates of Normandie, No. 05-03-00245-CV, 2004 WL 303594, at *1 (Tex. App.—Dallas
Feb. 18, 2004, no pet.) (mem. op.); State
v. Watts, 197 S.W.2d 197, 199 (Tex. Civ.
App.—Austin 1946, writ ref’d).  In such a case, access to the supersedeas bond may be achieved by
bringing a common-law action against the sureties as with any other
contract.  See Baxter, 2004 WL 303594, at *1; Muniz, 797 S.W.2d at 150.





[4] We note that the trial court signed its judgment on
July 13, 2006.  Therefore, roughly
$11,900 in rents have accrued since the date of the judgment.